## J. H. WARREN v. THE STATE.

1. An indictment which alleged, under sufficient averments of time and place, that the accused " did unlawfully and feloniously make and commit an aggravated assault and battery, in and upon one N. R., and did then and there with a deadly weapon beat, strike, assault and wound him, the said N. R.," sufficiently charged an offense against the laws of the State ; and a motion to quash for uncertainty was correctly overruled

2. The accused, holding a cocked pistol by his side, but making no attempt to present or discharge it, came up to where his antagonist was standing, and said to him, " I am now ready for you ;" whereupon his antagonist advanced on him, seized him by the collar and pushed him back some thirty feet, when the accused struck him with the pistol, extricated himself from the combat and retired into an adjacent store. *Held*, that the conduct of the accused did not amount to an attempt to commit a battery, nor to a threatening gesture accompanied with words, and constituting an assault under Article 2137, Paschal's Digest.

APPEAL from Smith.   Tried below before the Hon. Samuel L. Earle.

Article 475, of the Penal Code, (Paschal's Digest, Art. 2137,) provides that "any attempt to commit a battery, or any threatening gesture showing in itself, or by words accompanying it, an immediate intention, coupled with an ability, to commit a battery, is an assault."

The appellant was indicted for an aggravated assault and battery upon Newton Roberts.   In the head notes will be found the gravamen of the charge, as laid in the indictment.   The defendant moved to quash because of uncertainty, etc.   The court below held the indictment good as for an assault and battery, but insufficient as for an aggravated assault and battery, to which the defendant excepted.

The facts are sufficiently shown, though much condensed, in the opinion of the court.

The defendant was convicted of a simple assault and battery, and fined twenty-five dollars.   Being refused a new trial, he appealed.

*Hays & White*, for the appellant.—First—Article 2865, Paschal's Digest, says :   "The certainty required in an indictment is such as to enable the accused to plead the judgment that may be given upon it, in bar of any prosecution for the same offense." The district court went so far as to decide that the indictment presented did not have the certainty required in an indictment for " aggravated assault and battery," but yet that it was sufficiently certain for an indictment for " simple assault and battery."   Suppose now that a second prosecution had been commenced against the defendant, alleging assault and battery in such a way that the indictment would be decided a good one for aggravated assault and battery, yet the second alleged offense was the same as that for which the defendant has been tried in this case, could a judgment

on this indictment for simple assault and battery be pleaded in bar of this new prosecution; since it has already been decided by the court, that it is so uncertain that a judgment thereon for an aggravated assault and battery could not be pleaded in bar of such second prosecution? Such reasoning, it seems, would be anomalous and absurd, and we contend for this reason alone the judgment should be reversed.

Second—The court erred in overruling defendant's motion for a new trial. The principal ground assigned why a new trial should have been granted was, that the verdict of the jury was contrary to the law and the evidence. The latter clause of Article 2137, Paschal's Digest, reads thus : " Any attempt to commit a battery, or any threatening gesture, showing in itself, or by words accompanying it, an immediate intention coupled with an ability to commit a battery, is an assault." We will then examine the law in connection with the evidence, and determine if possible whether an assault, or an assault and battery, has been committed. No one, we suppose, will hesitate to concede that Warren's striking Roberts after Roberts had pushed him back for twenty or thirty feet, and had his hands on his derringer, making attempts all the while to get it out, evidently with the full intent to shoot Warren, did not amount to an assault and battery, being plainly comprised under the sixth clause of Article 2145. If there was any offense committed by Warren, it could have been only an assault under the law as quoted in Article 2137 above; yet the jury have found him guilty of assault and battery ! Yet we contend, Warren's acts did not amount to an assault. Warren came up to Roberts, drew a pistol, and (though one witness testifies he cocked it) made no attempt nor any threatening gesture showing in itself, or by words accompanying it, an immediate intent to commit a battery. It is not even shown that he spoke what he said in an angry tone. On the other hand, his intention is fully shown by his acts afterwards, when he retreated, and continued to retreat, asking Roberts sev-

eral times not to shoot. We would call the attention of the court to the case of Bell v. the State, Galveston term, 1861; and also to the case of Higginbotham v. The State, 23 Tex. Reps., 574. In the latter case, the question was fully discussed by Roberts, justice, and the charge of the court below was said to be " an admirable one, distinguished alike for its correctness as a legal proposition and the perspicuous accuracy with which it is so happily expressed." If we compare the facts in the present case with the law as explained and discussed in the case just referred to, we must come to the conclusion that on the last ground also, the judgment of the court below should be reversed, since the verdict of the jury is palpably contrary to the law and the testimony, and a new trial should have been granted.

*E. B. Turner*, Attorney General, for the State.

LINDSAY, J.—The motion to quash the indictment was properly overruled. There was enough charged to show that there was an offense committed against the laws of the State, if the allegations were true; and it did not appear therefrom that the prosecution was barred by lapse of time; nor that the offense was committed after the finding of the indictment; nor did it set forth any matter which was a legal defense, or bar to the action; some one of which incidents is necessary to constitute a valid exception to the *substance* of an indictment. (See Art. 2954, Paschal's Digest.)

But this court feels fully justified in disturbing the verdict of the jury, because no evidence appears in the statement of facts, which either establishes an assault, simple or aggravated; or even an attempt to commit a battery. The actual assault was committed by the person upon whom the assault was charged to have been made. The proof shows that the accused came up to a company, with whom Newton Roberts was conversing, with a

cocked pistol in hand, swinging by his side; and addressing himself to Roberts, said, " I am now ready for you." He did not raise or point the pistol at Roberts, but Roberts immediately approached him, seized him by the collar, commenced pushing him back, and continued to push him back some thirty feet, when the accused struck him with his pistol, extricated himself from his grasp, and went off into a neighboring store. The dangling of the cocked pistol, and the declaration that he was " new ready for him," were no such threatening gesture, accompanied with words, showing an immediate intention to commit a battery. To make the most of it, it was but a challenge, and not the manifestation of a purpose to commit a battery, unless that challenge was accepted. This condition placed the matter entirely under the control of the challenged party; which control he very unwisely and very improperly exercised. He it was who committed the assault, by reason of this provocation no doubt; and which verbal provocation could be no justification for the assault first committed by the challenged party. There is no evidence that the accused even pointed the pistol at the challenged party ; and the pointing of the pistol, unless the proof showed that it was loaded, does not constitute an assault. (See Art. 2144, Paschal's Digest.)

There being no evidence adduced on the trial, establishing the commission of an assault by the accused, the judgment is reversed and the cause dismissed in the court below.

Reversed and dismissed.