STATE v. WEBB MARSTELLER.

*Assault and Battery.*

Defendant intruded upon the premises of prosecutor who took hold of him to lead him off, when defendant put his hand in his pocket and partly drew out a knife, and thereupon the prosecutor desisted and went into the house, the defendant cursing him; *Held* an assault.

(*State* v. *Hampton*, 63 N. C., 13; *State* v. *Shipman*, 81 N. C., 513, cited and approved.)

INDICTMENT for an assault tried at Fall Term, 1880, of CLAY Superior Court, before *Gilmer, J.*

Verdict of guilty, judgment, appeal by defendant.

*Attorney General*, for the State.
*Messrs. Reade, Busbee & Busbee*, for defendant.

RUFFIN, J. We think the defendant's case was fairly left to the jury and that he has no well founded cause of complaint against either the charge of His Honor or the action of the jury.

The indictment against him was for an assault upon one

J. S. Perry, who testified on the trial that, after being forbidden to do so, the defendant came into the enclosure around the dwelling of the prosecutor and where he was at work; when asked what he was doing there he cursed the prosecutor and said he was going where he pleased, and when ordered off, said he would go when he got ready. The prosecutor then took hold of defendant to lead him from the enclosure when the defendant put his hand in his coat pocket and partly drew out what prosecutor supposed to be a knife, and thereupon he desisted for a time from his efforts to remove him. The defendant still refusing to go the prosecutor again took hold of him and attempted to lead him away when the prosecutor again desisted, and on account, as he said, of this show of force by defendant, went into his house, the defendant cursing him as he went.

The defendant asked His Honor to charge the jury " that if they believed the prosecutor took hold of the defendant twice, and he then did not offer to strike the prosecutor, it was evidence to the jury that he was not there for the purpose of having a difficulty with him, and that if the defendant did not prevent the prosecutor from going where he wanted to go, and at the time he wanted to go, he would not be guilty."

The court declined to charge as requested, but instructed the jury that the question for them to consider was not whether the defendant was there for the purpose of stabbing the prosecutor, or having a difficulty with him, but whether he committed an assault upon the prosecutor, and that they were to consider all the circumstances of the case, and if they believed from the circumstances and the testimony that the defendant exhibited a knife, and that by reason of such demonstration of force, the prosecutor was made to desist from his effort to remove him from his premises and to return to his house, then the defendant was guilty of an assault.

We cannot see wherein this case differs in principle from that of *State* v. *Hampton,* 63 N. C., 13; or that of the *State* v. *Shipman,* 81 N. C., 513. The defendant's not quitting the yard of the prosecutor when ordered to do so, gave to the latter the right to put him out, and if he was made to desist from the exercise of that right, by such a show of force on the part of the defendant, as might reasonably effect a man of ordinary firmness, then the defendant was guilty.

No man has a right by a show of force to put another and an unoffending person in an immediate fear of bodily harm.

Suppose that under the influence of such a fear, the prosecutor in this instance had resorted to force and stricken the defendant, he would have been justified. That he forbore to do so and put in practice "the better part of valor" cannot affect the question of the defendant's guilt.

No error.                    .                    Affirmed.