SULLIVAN *v.* STATE.

Opinion delivered November 12, 1917.

1. ASSAULT—DEGREES OF CRIME.—One can not violate section 1652 of Kirby's Digest, without also violating section 1583 of Kirby's Digest, because the element of assault enters into the higher crime, and the greater includes the lesser, and a conviction for the higher crime would bar a prosecution for the lesser.

2. CRIMINAL LAW—CONVICTION FOR LESSER CRIME THAN THAT CHARGED.—A conviction for a lesser crime may be had under an indictment which defectively charges a higher one, if the allegations of the indictment sufficiently charge the lesser.

Appeal from Lawrence Circuit Court, Western District; *Dene H. Coleman,* Judge; affirmed.

*W. P. Smith,* for appellant.

1. The demurrer to the indictment should have been sustained, because it does not state such a description of the facts and circumstances as constitute the offense charged nor inform defendant of the specific charge he is called upon to answer. 26 Ark. 323; Kirby's Digest, § 2227. The indictment charges some facts constituting assault with intent to kill, some facts necessary for aggravated assault, some for violating § 1652, as amended by Acts 1907, p. 810, contrary to § 2231, Kirby's Digest.

2.   There was no allegation in the indictment 'and no proof of an assault of any kind.   49 Ark. 179; 77 *Id.* 37; 88 *Id.* 91.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1.   The indictment is sufficient.   It certainly charges a simple assault of which he was convicted.   Kirby's Digest, § 1652; 99 Ark. 188; 54 *Id.* 439; 34 *Id.* 275; 52 *Id.* 276; 5 *Id.* 660.

2.   The evidence is sufficient.   The evidence was conflicting and the verdict will not be disturbed.

SMITH, J.   Appellant seeks by this appeal to reverse the judgment of the court below imposing upon him a fine of $90.00 for the commission of a simple assault.   The indictment was drawn to cover an alleged violation of Section 1652 of Kirby's Digest, which provides that every person who shall, by drawing a gun, pistol, or other deadly weapon, intimidate another from doing a lawful act, shall, if he is not justified in self-defense in so doing, be subject to a fine of not less than five hundred nor more than one thousand dollars, and be imprisoned in the county jail for twelve months.

It is argued that the indictment does not sufficiently charge that offense, although appellant's guilt upon that charge was submitted to the jury.   We need not stop to inquire whether this is true or not, as appellant was not convicted under that section.   He was convicted of a simple assault, and we only need inquire whether the allegations of the indictment sufficiently charged that offense and whether the evidence sustained the charge.   The indictment alleges:

"The said E. N. F. Sullivan, in the district, county and State aforesaid, on the first day of August, 1916, did unlawfully, wilfully and maliciously assault the person of Walter Wells with a certain deadly weapon, towit, a gun, by brandishing said gun and pointing said gun toward the said Walter Wells and seeking unlawfully then and there to frighten, intimidate and alarm the said

Walter Wells from doing a lawful act, no considerable provocation then and there appearing, and the circumstances of said assault then and there showing an abandoned and malignant disposition against the peace and dignity of the State of Arkansas.''

These allegations are sufficient to charge a simple assault, which is defined by the statute to be ''an unlawful attempt, coupled with present ability to commit a violent injury on the person of another.'' Section 1583 of Kirby's Digest. One could not violate Section 1652 of Kirby's Digest without also violating Section 1583 of Kirby's Digest, because the element of assault enters into the higher crime, and the greater includes the lesser, and a conviction for the higher crime would, therefore, bar a prosecution for the lesser. A conviction for the lesser crime may be had under an indictment which defectively charges a higher one if the allegations of the indictment sufficiently charge the lesser. *Fox* v. *State,* 50 Ark. 528; *Davis* v. *State,* 45 Ark. 464; *Jones* v. *State,* 100 Ark. 195; Section 2413 of Kirby's Digest.

The testimony on the part of the State shows the commission of an assault. According to this testimony, the appellant came out of his office, with a gun in his hands, and commanded Wells to come into the office and there settle their difference. The command was not obeyed, and was repeated, and appellant raised his gun and pointed it at Wells. While the truth of this statement was denied by appellant, yet it has been passed upon by the jury, and, if true, it is sufficient to sustain the conviction for simple assault.

Judgment affirmed.