JOHNSON *v.* STATE.

Opinion delivered February 4, 1918.

1.  ASSAULT WITH INTENT TO KILL—DRAWING PISTOL—THREATS.—The act of drawing a pistol, if accompanied by threats evidencing an intention to use it on the person threatened, constitutes an assault. The turning point of the question of whether a given act does or does not constitute an assault is whether the overt act is merely in preparation for this assault or a part of the perpetration of the assault.

2.  ASSAULT—INTENT TO KILL—WHAT CONSTITUTES THE OFFENSE.— Mere preparation for an assault does not complete the offense, but any overt act in partial execution of the design to make an assault completes the offense. The drawing of a deadly weapon, if so intimately connected with its use that it can not be said to be merely a preparation for the use, but is a part of the use itself, such an act constitutes an assault when accompanied by evidence of an intention to immediately use the weapon.

3.  ASSAULT—INTENT TO KILL—DRAWING WEAPON—THREATS.—A constable undertook to arrest appellant, whereupon appellant drew a pistol, which was taken from him in a scuffle. Appellant exclaimed that he would die before he would turn the weapon loose, and that he would die before he would suffer himself to be taken by the officer. *Held,* appellant's acts and declarations were sufficient to indicate his murderous intent, and to warrant the inference that he drew the pistol with the intent to kill the officer who was about to arrest him.

4. CRIMINAL LAW—INSTRUCTION UPON DEGREE OF CRIME.—Where the evidence warranted a conviction of the crime of assault with intent to kill, it is not error for the court to refuse to instruct the jury upon defendant's guilt of a lesser degree of the crime charged upon its own motion, where the defendant failed to request an instruction upon the lesser degree.

Appeal from Hempstead Circuit Court; *George R. Haynie,* Judge; affirmed.

*L. F. Monroe* and *Steve Carrigan,* Jr., for appellant.

1. There was no evidence to support the verdict. The court narrowed the inquiry of the jury to the question whether or not the appellant was guilty of an assault with intent to kill. The question of guilt or innocence of the lower grades of assault was not submitted to the jury, hence there was no evidence of guilt of assault with intent to kill. 11 Ark. 630; 13 *Id.* 712; 34 *Id.* 639; 44 *Id.* 121; 2 *Id.* 360; 5 *Id.* 407; 6 *Id.* 86, 428; 10 *Id.* 138; *Ib.* 491, 638; 26 *Id.* 309. A specific *intent* must be proven. 39 *Id.* 491; 54 *Id.* 284; 91 *Id.* 505; 54 *Id.* 497.

2. The court should have instructed on the lower degrees of assault. 43 Ark. 295; 72 *Id.* 569; 74 *Id.* 452; 91 *Id.* 507; 102 *Id.* 185; 109 *Id.* 423.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. The evidence was sufficient to support the verdict. The *intent* was proven. 103 Ark. 28; 115 *Id.* 566. The verdict will not be disturbed when supported by any substantial evidence. 46 Ark. 141; 31 *Id.* 196; 22 *Id.* 213; 101 *Id.* 51; 103 *Id.* 4; 95 *Id.* 321; 100 *Id.* 330; 104 *Id.* 162; 92 *Id.* 586.

2. There was no error because the jury were not instructed as to the lower grades. The only instruction asked, No. 16, was given, and it was not error. No other was asked. 100 Ark. 195; 110 *Id.* 300; 114 *Id.* 201; 103 *Id.* 28; 95 *Id.* 409.

McCULLOCH, C. J. Appellant was convicted of the crime of assault with intent to kill, and the principal ground urged for reversal of the judgment is that the

testimony was not sufficient to prove the assault. Bowden, the assaulted person, was constable of his township, and went to appellant's house with a warrant to arrest the latter. The officer was accompanied by two other men, and when he went to appellant's door and knocked appellant's wife answered, inquiring who was at the door, and the officer stated that he had a warrant for appellant and demanded that the door be opened. Appellant came to the door and opened it a few inches and attempted to draw his pistol. The officer grabbed the pistol, and as the two men struggled over it appellant exclaimed, ''God damn you, I'll die before I turn it aloose.'' He also said in the struggle, ''I'll die before I go with you.'' Appellant was finally disarmed and taken under arrest by the officer and those who accompanied him, and on the trip to town he used profane and abusive language and declared that he would kill the officer if it was the last thing he ever did.

That is the substance of the State's testimony, which we must accept as true under the verdict of the jury, although it is in conflict with the testimony adduced by appellant and his witnesses.

(1-2) The question presented is whether a mere drawing of a pistol with intent to use it, but without actually presenting it in the attitude of firing constitutes an assault. There is a conflict in the authorities on this question (2 Wharton's Criminal Law, § 800; 2 Bishop on Criminal Law, § § 30 and 31; *People* v. *McMakin,* 8 Cal. 547; *State* v. *Epperson,* 27 Mo. 255; *State* v. *Marsteller,* 84 N. C. 726; *Tarver* v. *State,* 43 Ala. 354), but we are of the opinion that the better rule is that the act of drawing the pistol, if accompanied by threats evidencing an intention to use it on the person threatened, constitutes an assault. The turning point of the question of whether a given act does or does not constitute an assault is whether the overt act is merely in preparation for the assault or a part of the perpetration of the assault. *Anderson* v. *State,* 77 Ark. 37. Mere preparation for an assault does not complete the offense, but any overt act in

partial execution of the design to make an assault completes the offense. The drawing of a deadly weapon, if so intimately connected with its use that it can not be said to be merely a preparation for the use, but is a part of the use itself, such an act constitutes an assault when accompanied by evidence of an intention to immediately use the weapon.

(3) Our conclusion is that the evidence was sufficient to justify the finding by the jury that appellant assaulted the officer with intent to kill him and was prevented from doing so only by the timely act of the officer in seizing the weapon in appellant's hand. Appellant did not in so many words declare at the time his intention to kill the officer, but his declaration accompanied by an oath that he would die before he would turn the weapon loose, and that he would die before he would suffer himself to be taken by the officer, was sufficient to indicate his murderous intent, and to warrant the inference that he drew the pistol with the intent to kill the officer who was about to arrest him. *Davis* v. *State,* 115 Ark. 566.

(4) It is next insisted that the evidence was sufficient to warrant a submission of the question of appellant's guilt of a degree of offense lower than assault with intent to kill, and that the court erred in failing and refusing to give an instruction on the lower offense. The answer to that contention is that appellant failed to ask for a correct instruction on the lower offense, and it was not error for the court to fail to give such an instruction on its own motion. *Allison* v. *State,* 74 Ark. 452. The only instruction on that subject requested by appellant, which the court refused to give, was in substance that if the jury found from the evidence that if death had ensued, the killing would have only been manslaughter, they could only find the defendant guilty of assault and battery. That was not a correct instruction for the reason that appellant could have been convicted of an aggravated assault, and it was improper to tell the jury that if the offense did not constitute assault with intent to kill, it would only be assault and battery. Besides, there was no battery

charged in the indictment, and the instruction was incorrect in embracing an offense which contained that element.   Judgment affirmed.