Dodd *v.* State.

Crim. 3908

Opinion delivered November 12, 1934.

*O. T. Ward,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

McHANEY, J. Appellant was indicted, tried, convicted and sentenced to the penitentiary for one year on a charge of assault to rob one Susie Lloyd. This appeal challenges the sufficiency of the evidence to support the verdict and judgment against him. The Attorney General has confessed error, and this confession must be sustained.

Mrs. Susie Lloyd, the prosecuting witness, testified as follows: "Yes, sir, and when he (appellant) came up tolable close to the front gate, I was on the porch and he said, 'What are you doing with this big snake out here?' and I said 'I didn't know there was one there,' and he got a small stick and started to kill the snake and I gave him a big stick, I carried a big stick out to him and he killed the snake and came in and sat on the porch and sat there and talked awhile,—he talked a little while and after awhile he got up and went down the steps and he just slid his hand down on the banister and turned around, and when he got up and started out I got up and stepped over on the porch and he just turned around and put his hand there and says, 'I want some money' and I says, 'I haven't got no money.' 'Got no money,' he says, 'Oh yes, you have, I have been told,' and I says, 'I have not got no money,' and he says, 'Oh, yes, you have and you will have to get it, I want five dollars,' and don't know how many times he repeated it and I looked down toward the road and I saw some one at the gate, and I said, 'I see some one at the gate.'" She further testified that he had the club with which he killed the snake in his hand, but did not make any motion with the club and was digging with the stick in the ground while he was demanding the money; that he was there perhaps a half hour talking to her before he said anything about wanting money, never did use any rough language or do anything at all

to force her to give him the money. He used no force or violence, nor did he commit any overt act in attempting to get the money. He made no use of the stick that would constitute an assault, nor did he threaten to do so in any way.

Our statute, § 2330, Crawford & Moses' Digest, defines assault as follows: "An assault is an unlawful attempt, coupled with present ability, to commit a violent injury on the person of another."

This court held in *Wells* v. *State,* 108 Ark. 312, 157 S. W. 389, that drawing a knife and advancing toward the prosecuting witness constitutes an assault, although the prosecuting witness fled and the defendant did not follow. In this case, while appellant held the stick with which he killed the snake, it is shown by the prosecuting witness that he made no attempt to use it, nor did he draw the stick back as if to inflict an injury, or advance upon her with the drawn stick. In fact, it is not shown that he was, at any time after demanding the money from her, within striking distance of her. In other words, there must be some overt act in execution of his purpose to rob. As said by this court in *Johnson* v. *State,* 132 Ark. 130, 200 S. W. 982: "Mere preparation for an assault does not complete the offense, but any overt act in partial execution of the design to make an assault completes the offense."

In 2 R. C. L., § 9, p. 533, the rule is stated as follows: "In order to constitute an assault, there must be an overt act or an attempt, or the unequivocal appearance of an attempt, with force and violence, to do physical injury to the person of another. The act must be such as will convey to the mind of the other person a well grounded apprehension of personal injury. It is difficult in practice to draw the precise line which separates violence menaced from violence begun to be executed. It may safely be stated, however, that where an unequivocal purpose of violence is accompanied by an act which, if not stopped or diverted, will be followed by personal injury, the execution of the purpose is then begun and the battery is attempted. This principle has been adopted as the correct exposition of the law of assault. There

must therefore be not only threatening words or violence menaced, but the defendant must have committed some act in execution of his purpose. It is not necessary at all that his words should be accompanied or followed by an actual battery, for a mere assault excludes the idea of a battery, but he must either offer to do violence, as by drawing back his fist or raising a stick, or attempt to do it, as by aiming a blow at another which does not take effect because it is warded off by a third person, or by shooting at another and missing the mark."

Under this rule, it is clear that appellant has been convicted of the crime of assault to rob without substantial evidence to support the charge. The confession of error of the Attorney General must be sustained, and the judgment of conviction be reversed, and the cause remanded for a new trial.

It is so ordered.