THEODORE FAIR *v.* STATE

5242                                              410 S. W. 2d 604

Opinion delivered January 23, 1967

*Jack Holt Jr.,* for appellant.

*Bruce Bennett,* Attorney General; *Fletcher Jackson,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. In the court below a jury found the appellant guilty of assault with intent to kill and fixed his punishment at five years imprisonment. Here the appellant questions the sufficiency of the evidence and the trial court's ruling upon a point of evidence.

The proof is sufficient to support the verdict. On the day of the offense the appellant, who was traveling on foot in Little Rock, engaged in what should have been a trivial dispute with a motorist about which one should precede the other in crossing an intersection, each insisting that the other should go first. John Haydon, the motorist, finally drove past Fair and heard him use the words, "Blow your head off." Haydon stopped at a friend's house only two doors from the intersection.

A neighbor crossed the street to tell Haydon that Fair had a gun. Haydon informed the police of the incident.

Officer Bridges responded to Haydon's call and found the accused about two blocks down the street. When the officer approached Fair and attempted to question him, Fair unbuckled the holster of his pistol, started to draw the weapon, and said, ''I'm going to blow your head off.'' Officer Bridges, after a struggle, succeeded in wresting the gun away from Fair. Bridges placed Fair under arrest and took him to police headquarters, where Fair tried to seize another officer's pistol, saying that he was going to get another gun and do a better job of it.

With respect to the sufficiency of the evidence the case is controlled by our holding in *Johnson* v. *State,* 132 Ark. 128, 200 S. W. 982 (1918). There, upon facts similar to this appellant's encounter with Officer Bridges, we held that the act of drawing a pistol, if accompanied by a threat to use it, constitutes an assault with intent to kill. The turning point, we said, is whether the overt act is merely in preparation for an assault or is actually part of an assault. In the case at bar the jury were justified by the testimony in finding that Fair's attempt to draw his pisol, together with his threatening language, constituted an assault with intent to kill Officer Bridges.

The challenged ruling upon a point of evidence occurred during the State's cross examination of Fair's sister. The deputy prosecuting attorney asked this witness where Fair had been in 1947. The witness answered, ''He was in the state penitentiary in 1947, I believe.'' Defense counsel objected. The court sustained the objection and admonished the jury to disregard the witness's statement. It is now insisted that a mistrial should have been declared.

We do not approve such tactics on the part of the prosecution. Fair's earlier confinement was wholly in-

admissible and should not have been mentioned in the presence of the jury. Nevethheless the trial judge did not commit an error, for he sustained the objection to the statement and instructed the jury not to consider it. Counsel for the accused was apparently satisfied with the court's ruling, for he did not press the matter by asking for a mistrial. In the circumstances the point now asserted was not preserved for review on appeal. *Stockton* v. *State,* 239 Ark. 228, 388 S. W. 2d 382 (1965).

Affirmed.