Dolphus Ray WOOTEN *v.* STATE of Arkansas

CA CR 90-99                                799 S.W.2d 560

Court of Appeals of Arkansas
Division I
Opinion delivered November 21, 1990

*William R. Simpson, Jr.*, Public Defender,and *Judy Rudd*, Deputy Public Defender, by: *Thomas B. Devine III*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Lynley Arnett*, Asst. Att'y Gen., for appellee.

JOHN E. JENNINGS, Judge. Dolphus Ray Wooten was charged with attempted aggravated robbery and aggravated assault. A jury trial was waived. The circuit court granted a directed verdict on the attempted robbery charge, but found Wooten guilty of aggravated assault and sentenced him to five years imprisonment.

The sole issue on appeal is whether the evidence is sufficient

to support the conviction. We hold that it is not, and we modify the decision of the circuit court.

■ In determining the sufficiency of the evidence we are obliged to consider it in the light most favorable to the appellee, *Booth* v. *State*, 26 Ark. App. 115, 761 S.W.2d 607 (1989), and affirm if there is substantial evidence to support the verdict. Substantial evidence is evidence of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or another, without resorting to speculation or conjecture. *Neble* v. *State*, 26 Ark. App. 163, 762 S.W.2d 393 (1988). The substantiality of the evidence is a question of law. *Fuller* v. *Johnson*, 301 Ark. 14, 781 S.W.2d 463 (1989).

The relevant facts are relatively simple. On June 21, 1989, Jim Puckett, a North Little Rock police officer, received a report that there was a man with a gun outside the Jackpot store on West Broadway. The officer testified that as he pulled into the parking lot he saw Wooten. He testified that Wooten reached into his right pants pocket and started backing away. Officer Puckett got out of his car with his own pistol drawn and ordered Wooten several times to stop and get on the ground. Wooten continued to back away and appeared to Officer Puckett to be trying to pull something out of his pocket that was stuck. The officer testified that when Wooten had backed up behind a parked car he pulled his hand out of his pocket, and the officer saw that he was holding a small handgun. Puckett testified that Wooten dropped to his knees behind the car, and that he "could see him lifting his head up slightly as if to try to locate my position." When a backup officer arrived Wooten finally dropped to the ground as ordered. The officers approached him and handcuffed him. When they rolled him over they found a .25 caliber pistol underneath his leg. The pistol had a bullet in the chamber and five in the clip.

On cross-examination the officer testified that Wooten had not pointed the gun at him. He admitted that his arrest report stated that Wooten had pulled the gun out as he was lying on the ground but testified that the arrest report was incorrect.

Arkansas Code Annotated Section 5-13-204(a) (1987) defines aggravated assault:

A person commits aggravated assault if, under cir-

cumstances manifesting extreme indifference to the value of human life, he purposely engages in conduct that creates a substantial danger of death or serious physical injury to another person.

In examining cases dealing with assault, we recognize at the outset that whether certain conduct is sufficient to constitute a given category of assault must be determined in reference to the language of the statute under which the defendant is charged. *See Anderson* v. *State*, 77 Ark. 37, 90 S.W. 846 (1905). Early Arkansas cases recognize that the pointing of a pistol at another could constitute an assault. *See Sullivan* v. *State*, 131 Ark. 107, 198 S.W. 518 (1917); *Wells* v. *State*, 108 Ark. 312, 157 S.W. 389 (1913); *Keefer* v. *State*, 19 Ark. 190 (1857). Conversely, the drawing of a pistol without "presenting" or pointing it at another has been held not to constitute an assault. *See Lawson* v. *State*, 30 Ala. 14 (1857); *Warren v. State*, 33 Tex. 517 (1870). *See also Odom* v. *State*, 396 So.2d 1080 (Ala. Crim. App. 1981) ("Even as to an assault, however, the fact that the muzzle of the pistol was not presented or pointed in the direction of the officer is worthy of serious consideration.")

In *Dodd* v. *State*, 189 Ark. 944, 75 S.W.2d 799 (1934), holding that the evidence was insufficient to support a conviction of "assault to rob," the supreme court said, "[i]t is difficult in practice to draw the precise line which separates violence menaced from violence begun to be executed."

In *Johnson* v. *State*, 132 Ark. 128, 200 S.W. 982 (1918), the defendant was at home when a constable arrived with an arrest warrant. The defendant came to the door, opened it a few inches, and tried to draw his pistol. The officer grabbed the pistol, the two men struggled, and the defendant exclaimed "God damn you, I'll die before I turn it aloose." The defendant was finally disarmed and while being taken into town declared that he "would kill the officer if it was the last thing he ever did." In affirming the conviction for assault with intent to kill the supreme court said:

> The question presented is whether a mere drawing of a pistol with intent to use it, but without actually presenting it in the attitude of firing constitutes an assault. There is a conflict in the authorities on this question, but we are of the opinion that the better rule is that the act of drawing of

the pistol, *if accompanied by threats evidencing an intention to use it on the person threatened*, constitutes an assault.

132 Ark. at 130 (Citations omitted, emphasis added.) *Johnson* was cited with approval for this proposition in *Fair* v. *State*, 241 Ark. 819, 410 S.W.2d 604 (1967).

Our aggravated assault statute, Ark. Code Ann. § 5-13-204, has been described as "unique." *See Holloway* v. *State*, 18 Ark. App. 136, 711 S.W.2d 484 (1986) (overruled on other grounds in *Doby* v. *State*, 290 Ark. 408, 720 S.W.2d 694 (1986)). It is not based upon the use of a deadly weapon or the creation of fear, but requires the creation of "a substantial danger of death or serious physical injury to another person." *Holloway*, 18 Ark. App. at 140. When we view the evidence in the light most favorable to the state, it is clear that Wooten backed up until he was behind a car while refusing to comply with the officer's direction to lie on the ground, and then pulled the pistol out of his pocket. He also peered over the top of the car as if to locate the officer's position. It is equally clear, however, that Wooten never pointed the pistol in the officer's direction or expressly threatened the officer. He eventually complied with the order to lie on the ground.

On these facts we cannot say that the conviction for aggravated assault is supported by substantial evidence. The evidence is, however, amply sufficient to sustain a conviction for assault in the third degree. Ark. Code Ann. § 5-13-207 (1987) provides, "[a] person commits assault in the third degree if he purposely creates apprehension of imminent physical injury in another person." Assault in the third degree is a lesser included offense of aggravated assault. *See Holloway* v.*State, supra.* We therefore modify the judgment of the circuit court to reflect a conviction for assault in the third degree and remand to that court for sentencing. *Hughes* v. *State*, 3 Ark. App. 275, 625 S.W.2d 547 (1981).

Affirmed as modified and remanded.

CORBIN, C.J., and ROGERS, J., agree.