# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1416

_____

United States of America

*Plaintiff - Appellee*

v.

Marvin Meux

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: January 14, 2019
Filed: March 18, 2019
[Published]

_____

Before BENTON, MELLOY, and KELLY, Circuit Judges.

_____

PER CURIAM.

Marvin Meux pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced him under the

_____

[1]The Honorable James M. Moody Jr., United States District Judge for the Eastern District of Arkansas.

Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), based on its finding that Meux's three prior felony convictions under Arkansas Code § 5-64-401 qualified as serious drug offenses. Using the 2016 United States Sentencing Guidelines (USSG) in effect at the time of sentencing, the district court also determined that because Meux "used or possessed the firearm" in connection with a crime of violence, his base offense level was 34 and his criminal history category was VI. See USSG § 4B1.4(b)(3)(A), (c)(2). After a 3-level reduction for acceptance of responsibility, the final advisory Guidelines range was 188 to 235 months of imprisonment, and the district court imposed a sentence of 210 months. Meux appeals, arguing that his Arkansas convictions do not qualify as serious drug offenses and that he did not possess the firearm in connection with a crime of violence.

"We review *de novo* whether a prior conviction is a predicate offense under the ACCA." United States v. Van, 543 F.3d 963, 966 (8th Cir. 2008). Meux's Arkansas convictions are predicate offenses under the ACCA only if they meet the ACCA's definition of a serious drug offense: "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . ." 18 U.S.C. § 924(e)(2)(A)(ii). To determine whether a prior conviction meets this definition, "courts look to the elements of the crime of conviction, not the underlying facts." United States v. Boman, 873 F.3d 1035, 1040 (8th Cir. 2017) (citing Mathis v. United States, 136 S. Ct. 2243, 2248 (2016)).

The government concedes that the version of Arkansas Code § 5-64-401 in effect at the time of Meux's convictions is overbroad, as subsection (c) criminalizes mere possession of a controlled substance.[2] But Meux was convicted under subsection (a), which criminalizes manufacturing, delivering, or possessing with

---

[2]Meux's relevant arrests and convictions occurred between 1991 and 2004. The relevant parts of § 5-64-401 did not materially change throughout this time period.

intent to manufacture or deliver a controlled substance. The statute indicates that these are separate offenses, each carrying its own punishment, and therefore the statute is divisible. See Mathis, 136 S. Ct. at 2256 ("If statutory alternatives carry different punishments, then . . . they must be elements."). The Arkansas Supreme Court has confirmed that § 5-64-401(a) itself encompasses several different crimes. See Cothren v. State, 42 S.W.3d 543, 549 (Ark. 2001) (explaining that manufacturing a controlled substance and possessing with intent to deliver a controlled substance are separate offenses with distinct elements); see also Flores-Larrazola v. Lynch, 854 F.3d 732, 732 & n.1 (5th Cir. 2017). Review of the documents permitted by Shepard v. United States, 544 U.S. 13, 26 (2005), confirms that Meux was convicted of twice delivering a controlled substance and once possessing with intent to deliver a controlled substance. The district court did not err in finding that these convictions qualified as serious drug offenses.

Meux did not object to the application of USSG § 4B1.4(b)(3)(A) and (c)(2) for using or possessing a firearm in connection with a crime of violence, so we review for plain error, affirming the judgment unless Meux shows an error that is plain, "affects his substantial rights," and "seriously affects the fairness, integrity or public reputation of judicial proceedings." Boman, 873 F.3d at 1040 (cleaned up). Because Meux was subject to an enhanced sentence under the ACCA, these Guideline provisions applied so long as "the facts surrounding the offense of conviction support a charge that [Meux's] firearm . . . possession was in connection with conduct that constituted a crime of violence," as defined by USSG § 4B1.2(a). United States v. Eason, 907 F.3d 554, 560 (8th Cir. 2018). "This is not a categorical inquiry; it turns on the facts of defendant's offense of conviction." Id.

Here, Meux's conviction resulted from an incident in which he pointed a gun at a person attempting to repossess Meux's car. Meux could have been charged with committing a crime of violence for this conduct. See United States v. Maid, 772 F.3d 1118, 1120 (8th Cir. 2014) ("[I]ntentionally pointing any firearm toward another . . .

constitute[s] a threatened use of physical force under USSG § 4B1.2(a)(1)." (cleaned up)); see also Ark. Code Ann. § 5-13-204(a)(2) ("A person commits aggravated assault if, under circumstances manifesting extreme indifference to the value of human life, he or she purposely . . . displays a firearm in such a manner that creates a substantial danger of death or serious physical injury to another person."); Wooten v. State, 799 S.W.2d 560, 561–62 (Ark. Ct. App. 1990) (suggesting that one commits aggravated assault by pointing a firearm toward another).  The district court did not commit error, plain or otherwise.

The judgment of the district court is affirmed.

_____