# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2178
_____

United States of America

*Plaintiff - Appellee*

v.

Darrick Lynn Ferguson, also known as Derrick Lynn Ferguson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Northern
_____

Submitted: September 19, 2025
Filed: January 6, 2026
_____

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.
_____

GRUENDER, Circuit Judge.

Darrick Ferguson was convicted for being a felon in possession of a firearm. At sentencing, the district court determined that Ferguson qualified for a sentence enhancement under the Armed Career Criminal Act. On appeal, Ferguson argues this determination was wrong. We agree. Therefore, we vacate his sentence and remand for resentencing.

# I. Background

Ferguson pleaded guilty to being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). Ferguson had three prior felony convictions, including one conviction under Ark. Code Ann. Section 5-64-401(a)(1)(A)(i) (2007) for delivery of a controlled substance; namely, cocaine. At sentencing, the district court determined that Ferguson's three prior felony convictions—including the section 5-64-401(a)(1)(A)(i) conviction—qualified him for a sentencing enhancement under 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA").

The ACCA mandates an enhanced sentence of at least fifteen years in prison for a defendant convicted of being a felon in possession of a firearm who has three or more prior convictions for a "serious drug offense." 18 U.S.C. § 924(e)(1). To qualify as a serious drug offense, an offense under state law must have involved a controlled substance as defined in § 102 of the Controlled Substances Act ("CSA"). *Id.* § 924(e)(2)(A)(ii). The district court determined that Ferguson's prior Arkansas conviction under section 5-64-401(a)(1)(A)(i) was a serious drug offense and therefore that it qualified as a predicate offense for an ACCA enhancement. Consequently, Ferguson was subject to a mandatory minimum sentence of 180 months' imprisonment. Without the enhancement, Ferguson would have been subject to a maximum sentence of 180 months' imprisonment. *See id.* § 924(a)(8). The district court sentenced Ferguson to 180 months' imprisonment.

Ferguson appeals, arguing that his conviction under section 5-64-401(a)(1)(A)(i) cannot qualify as a predicate offense for an ACCA enhancement because section 5-64-401(a)(1)(A)(i) criminalizes cocaine isomers not listed in § 102 of the CSA.

# II. Analysis

We review *de novo* whether a prior offense qualifies as a predicate offense under the ACCA. *United States v. Myers*, 56 F.4th 595, 597 (8th Cir. 2022). To

determine whether a prior offense qualifies as a predicate offense, we apply the "categorical approach." *Shepard v. United States*, 544 U.S. 13, 17 (2005). "This 'categorical approach' focuses solely on whether the elements of the crime of conviction match the corresponding federal drug offense." *Myers*, 56 F.4th at 597-98. "If the [prior] state offense sweeps more broadly, or punishes more conduct than the federal definition, the conviction does not qualify as a predicate offense." *United States v. Oliver*, 987 F.3d 794, 806 (8th Cir. 2021). Thus, if Ferguson's prior Arkansas conviction for delivering cocaine was under a provision that criminalizes substances not listed in § 102 of the CSA, that prior conviction cannot qualify as a predicate offense for the ACCA enhancement.

Ferguson argues that section 5-64-401(a)(1)(A)(i) criminalizes a wider range of cocaine isomers than are listed in § 102 of the CSA. Section 102 includes "[c]ocaine, its salts, optical and geometric isomers, and salts of isomers." 21 U.S.C. §§ 802(6), 802(14) (2006, 2009); 21 C.F.R. §§ 1308.02, 1308.12(b)(4) (2007). Ferguson argues that, unlike § 102, section 5-64-401(a)(1)(A)(i) criminalizes *all* cocaine isomers. *See Myers*, 56 F.4th at 598 (noting that there are positional cocaine isomers). Thus, he argues his Arkansas conviction under section 5-64-401(a)(1)(A)(i) cannot qualify as a predicate offense because "a drug statute that criminalizes even one additional isomer does not qualify as a 'serious drug [offense].'" *United States v. Owen*, 51 F.4th 292, 296 (8th Cir. 2022).

In response, the Government makes three arguments. First, the Government argues that, like § 102 of the CSA, section 5-64-401(a)(1)(A)(i) only criminalizes optical and geometric isomers of cocaine. Second, the Government argues that section 5-64-401(a)(1)(A)(i) is "divisible" with respect to cocaine and its isomers and, applying the modified categorical approach, Ferguson was convicted of delivering cocaine, which is listed in § 102 of the CSA. Third, the Government argues that *United States v. Meux*, 918 F.3d 589 (8th Cir. 2019) (per curiam) requires us to hold that a conviction under section 5-64-401(a)(1)(A)(i) is a predicate offense under the ACCA. We address each argument in turn.

First, section 5-64-401(a)(1)(A)(i) criminalizes all cocaine isomers, not just optical and geometric isomers. Section 5-64-401(a)(1)(A)(i) criminalizes certain conduct related to a "controlled substance classified in Schedule I or Schedule II that is a narcotic drug." Both "controlled substance" and "narcotic drug" are terms defined in the chapter's definition section. § 5-64-101 (2007). That section defines "controlled substance" as "a drug, substance, or immediate precursor" listed "in Schedules I through VI." § 5-64-101(4) (2007). The section defines "narcotic drug" as (1) "any drug that is defined as a narcotic drug by order of the director,"[1] § 5-64-101(16)(A)(i) and also (2) an enumerated list of controlled substances, including "[c]ocaine, its salts, optical and geometric isomers, and salts of isomers." § 5-64-101(16)(B)(iv) (2007). Thus, under section 5-64-101(16)(A)(i), the director can define additional narcotic drugs beyond those contained in the enumerated list. Arkansas Schedule II, which the director promulgated, lists "cocaine" and its "salts, isomers, derivatives and salts of isomers and derivatives" as "[n]arcotic [d]rugs." Ark. Admin. Code 007.07.02, Sched. II(b)(4) (2005). A state law that criminalizes the "isomers" of a controlled substance and does not contain any limiting language criminalizes *all* isomers of that substance. *See, e.g.*, *Owen*, 51 F.4th at 296 (holding Minnesota definition of cocaine overbroad). Therefore, because the Director defined cocaine's isomers as a "narcotic drug" without such limiting language, section 5-64-401(a)(1)(A)(i) criminalizes all of cocaine's isomers.[2]

This conclusion aligns with *United States v. Buckley*, 146 F.4th 679 (8th Cir. 2025). *Buckley* involved different Arkansas statutes: section 5-64-420(a)(1) (2011)

_____

[1]That is, the Director of the Arkansas Department of Health. *See* § 5-64-101(3)(B)(i).

[2]The Government argues that we should apply a "reasonable probability test" to assess the scope of section 5-64-401(a)(1)(A)(i). But that test applies only where a statute is ambiguous, and section 5-64-401(a)(1)(A)(i) unambiguously criminalizes all cocaine isomers. *See United States v. Heard*, 62 F.4th 1109, 1114 (8th Cir. 2023) (declining to apply reasonable probability test because the relevant state statute penalizing "isomers" of a controlled substance without limiting language was unambiguous).

and section 5-64-422(a) (2011). *See id.* at 680. Those statutes criminalized "cocaine" and not "a controlled substance" or "narcotic drug." *Id.* at 681-82. Because neither statute "mention[ed] the schedules or direct[ed] the reader's attention to the schedules for a definition of cocaine," we did not apply the broader definition of cocaine contained in the Arkansas drug schedules. *Id.* at 681. Here, however, section 5-64-401(a)(1)(A)(i) expressly uses the terms "controlled substance" and "narcotic drug," terms which section 5-64-101(a)(1)(A)(i) defines by referencing the schedules. Therefore, unlike the statutes in *Buckley*, section 5-64-401(a)(1)(A)(i) incorporates the drug schedules' broader definition of cocaine.

Second, the Government argues that section 5-64-401(a)(1)(A)(i) is divisible with respect to cocaine and its isomers and that we should therefore apply a "modified" categorical approach that would allow us to look at what substance, specifically, Ferguson possessed when he was convicted of violating section 5-64-401(a)(1)(A)(i). *See Mathis v. United States*, 579 U.S. 500, 505-06 (2016). A statute is divisible if it "defines more than one crime by listing alternative elements . . . ." *See United States v. Bennet*, 972 F.3d 966, 974 (8th Cir. 2020). "'Elements' are the 'constituent parts' of a crime's legal definition—the things the 'prosecution must prove to sustain a conviction.'" *Mathis*, 579 U.S. at 504 (quoting Black's Law Dictionary 634 (10th ed. 2014)). Even if there are alternative ways to violate a statute, the statute is still indivisible if "those alternatives are not alternative elements, going toward the creation of separate crimes but are simply alternative ways or means of satisfying a single element." *United States v. Quigley*, 943 F.3d 390, 393 (8th Cir. 2019) (citation modified). Under *Mathis*, we can examine the statutory text and structure, review state court decisions, and "peek" at "the record of a prior conviction itself" for "the sole and limited purpose of determining" if the statute is divisible. 579 U.S. at 517-19.

We begin with the statutory text and structure and conclude that delivering a particular isomer of cocaine is merely a means of delivering cocaine—a criminalized controlled substance. The Arkansas drug schedules include cocaine's "isomers" in a list of different physical and chemical forms of cocaine, not as a separate controlled

substance (or substances). Cocaine—but not any of its isomers—has a controlled substances number. Ark. Admin. Code 007.07.02, Sched. II(a), (b)(4) (2005). The most natural interpretation is that alternative forms of cocaine are subsumed in cocaine, and the delivery of an isomer of cocaine would be prosecuted as a delivery of cocaine. We have previously described isomers of a controlled substance as merely different structural forms of the same chemical composition, not different chemicals altogether. *See Myers*, 56 F.4th at 598 (citing *Owen*, 51 F.4th at 295). The Government relies on the unpublished opinion *Prichard v. State*, No. CR 89-8, 1990 WL 68646 at *1 (Ark. May 21, 1990) (per curiam), but even if it were persuasive authority,[3] it would be inapposite. *Prichard* held that section 5-64-401 is divisible with respect to methamphetamine and cocaine, not with respect to specific chemical forms of cocaine. *Id.* Therefore, a jury could have convicted Ferguson of delivering cocaine even if some jurors concluded that he delivered one type of cocaine isomer while others concluded he delivered another type. *See Mathis*, 579 U.S. at 506. Thus, the text and structure of section 5-64-401(a)(1)(A)(i) support the conclusion that it is indivisible with respect to cocaine and its isomers.

The Government also relies on the Arkansas model jury instructions. But these are unavailing because they provide blank spaces for the prosecution to fill in the controlled substance at issue and do not explain the level of generality at which the prosecution must define that substance. *See United States v. Naylor*, 887 F.3d 397, 406 (8th Cir. 2018) (en banc) (refusing to rely on model jury instructions because they were logically consistent with the alternatives at issue being either means or elements). Finally, the Government also relies on a "peek" at Ferguson's record of conviction. The record documents for Ferguson's conviction state that he was convicted for delivery of cocaine, but do not specify a chemical or physical form of cocaine. These documents are equally consistent with both the Government's and Ferguson's theories, so they do not assist us. Therefore, the statute is not divisible by isomer, and we cannot consider the modified categorical approach.

---

[3]The Arkansas Supreme Court does not permit its unpublished decisions prior to July 1, 2009 to be cited as precedential except in related or continuing litigation. Ark. Sup. Ct. R. 5-2(c).

Third, the Government argues that *Meux*, 918 F.3d at 590-91 indicates that Ferguson's conviction under section 5-64-401(a)(1)(A)(i) is a predicate offense. But *Meux* did not address the scope of section 5-64-401(a)(1)(A)(i)'s definition of cocaine, so *Meux* does not bind us here. *See Streu v. Dormire*, 557 F.3d 960, 964 (8th Cir. 2009) ("[W]e are generally not bound by a prior panel's implicit resolution of an issue that was neither raised by the parties nor discussed by the panel.").

## III. Conclusion

Because section 5-64-401(a)(1)(A)(i) criminalizes a wider range of cocaine isomers than § 102 of the CSA, Ferguson's conviction under section 5-64-401(a)(1)(A)(i) was not for a "serious drug offense" and did not qualify as a predicate offense for the ACCA enhancement. As a result, Ferguson did not have the requisite number of predicate convictions for the ACCA enhancement.[4] Because the district court nonetheless applied the enhancement, we vacate his sentence and remand for resentencing.

_____

_____

[4]Ferguson also argues that a prior residential burglary conviction does not qualify as a predicate offense for the ACCA sentence enhancement. However, because we conclude that his conviction under section 5-64-401(a)(1)(A)(i) does not qualify as a predicate offense and because he only has three prior felony convictions, we need not address his burglary conviction here.

-7-