Timothy SWAIM *v.* STATE of Arkansas

CA CR 01-1224                                    79 S.W.3d 853

Court of Appeals of Arkansas
Divisions II and III
Opinion delivered July 3, 2002

*David L. Dunagin,* for appellant.

*Mark Pryor,* Att'y Gen., by: *Misty Wilson Borkowski,* Ass't Att'y Gen., for appellee.

OLLY NEAL, Judge. Appellant Timothy Swaim tried to break into a Pepsi truck at an equipment construction site located at Fort Chaffee, but was prevented from doing so when several people approached him. He got into the passenger side of a car driven by another fellow and left the area, pursued by the police. A Fort Chaffee security chief set up a road block using his vehicle. As the vehicle that appellant was in approached the roadblock, the security chief, Michael Hardy, drew his weapon and ordered the occupants of the vehicle to stop and step from the vehicle. The driver continued at a slow pace. During that episode, appellant displayed a chrome-plated revolver, but did not point it at Hardy. Following a jury trial, appellant was convicted of aggravated robbery, four counts of aggravated assault, felony fleeing, and possession of an instrument of crime. He was sentenced to a term of thirty-three years in the Arkansas Department of Correction. On appeal, he challenges only the aggravated-assault conviction involving Chief Michael Hardy, for which he received a two-year sentence. Specifically, appellant alleges that the trial court erred in denying the motion for a directed verdict. We find merit in appellant's argument and therefore reverse and dismiss the aggravated-assault conviction.

Motions for directed verdict are treated as challenges to the sufficiency of the evidence. *Burmingham v. State,* 342 Ark. 95, 27 S.W.3d 351 (2000); *Johnson v. State,* 71 Ark. App. 58, 25

S.W.3d 445 (2001). This review includes an evaluation of otherwise inadmissible evidence. *Burmingham v. State, supra* (citing *Harris v. State*, 284 Ark. 247, 681 S.W.2d 334 (1984)). When reviewing the denial of a directed verdict, the appellate court will look at the evidence in the light most favorable to the State, considering only the evidence that supports the judgment or verdict and will affirm if there is substantial evidence to support a verdict. *Johnson v. State, supra.* Evidence is sufficient to support a verdict if it is forceful enough to compel a conclusion one way or another. *Johnson v. State, supra.*

After the close of the State's case, appellant moved for a directed verdict, arguing that the State had failed to prove the elements of aggravated assault because it did not show that the defendant created a substantial danger of death or physical injury, and because the defendant never pointed the firearm at the officer. A person commits aggravated assault, if under circumstances manifesting extreme indifference to the value of human life, he purposely engages in conduct that creates a substantial danger of death or serious physical injury to another person. Ark. Code Ann. § 5-13-204 (Repl. 1997). A person acts purposely with respect to his conduct when it is his conscious object to engage in conduct of that nature or to cause such a result. Ark. Code Ann. § 5-2-202 (Repl. 1997).

██ ██ Appellant likens this case to the situation in *Wooten v. State*, 32 Ark. App. 198, 799 S.W.2d 560 (1990). In *Wooten*,

> [t]he officer testified that as he pulled into the parking lot he saw Wooten. He testified that Wooten reached into his right pants pocket and started backing away. Officer Puckett got out of his car with his own pistol drawn and ordered Wooten several times to stop and get on the ground. Wooten continued to back away and appeared to Officer Puckett to be trying to pull something out of[ ] his pocket that was stuck. The officer testified that when Wooten had backed up behind a parked car[,] he pulled his hand out of his pocket, and the officer saw that he was holding a small handgun. Puckett testified that Wooten dropped to his knees behind the car, and that he "could see him lifting his head up slightly as if to try to locate my position."

*Wooten v. State*, 32 Ark. App. at 199. In that case, we recognized that our aggravated-assault statute is not based upon the use of a deadly weapon or the creation of fear, but requires the creation of "substantial danger of death or serious physical injury to another person." *Schwede v. State*, 49 Ark. App. 87, 896 S.W.2d 454 (1995) (citing *Wooten v. State*, *supra*). We found in *Wooten* that, based on the evidence that appellant did not point the gun at the officer or expressly threaten the officer, the appellant was not guilty of aggravated assault. We also referred in *Wooten* to the case of *Johnson v. State*, 132 Ark. 128, 130, 200 S.W. 982, 982 (1918), where it was said that "the act of drawing a pistol, if accompanied by threats evidencing an intention to use it on the person threatened, constitutes an assault." *Wooten v. State, supra.* The display of a gun instills fear in the average citizen and, consequently, creates an immediate danger that a violent response will ensue. *Holloway v. State*, 18 Ark. App. 136, 711 S.W.2d 484 (1986) (overruled on other grounds in *Flurry v. State*, 290 Ark. 417, 720 S.W.2d 699 (1986) and in *Doby v. State*, 290 Ark. 408, 720 S.W.2d 694 (1986)).

The State, in essence, relies on *Schwede v. State, supra*, and states that the case stands for the proposition that "a person who brandishes a gun so as to create a dangerous situation is guilty of aggravated assault whether or not the gun is loaded." However, that case is factually different than the one at hand. In *Schwede, supra*, the appellant actually made a threatening statement, pointed a pistol at two men, and then cocked the hammer. Here, as in *Wooten, supra*, the appellant did not point the gun at the officer or expressly threaten the officer.

■ On these facts, we cannot say that the conviction for aggravated assault is supported by substantial evidence. Nor is the evidence amply sufficient to sustain a conviction for assault in the third degree as the State has requested in the alternative. Arkansas Code Annotated section 5-13-207 (Repl. 1997) provides, "[a] person commits assault in the third degree if he purposely creates apprehension of imminent physical injury in another person." Assault in the third degree is a lesser-included offense of aggravated assault. *Wooten v. State, supra* (citing *Holloway v. State, supra)*.

There is simply no evidence that appellant created apprehension of imminent physical injury in the officer. Appellant was attempting to flee from the scene of the crime, when at the roadblock, he encountered Chief Michael Hardy. Chief Hardy testified that the appellant "brought a weapon of some type, he didn't point it directly at me. I don't know why, but I had mine on him pretty well, so I think he decided to drop it down. . . . I just remember the weapon coming up. It was a chrome plated revolver type weapon."

▇ Some may argue that there was the possibility that appellant's conduct created apprehension to the passenger in his vehicle. However, appellant was not so charged. Appellant was charged with aggravated assault against the officer and it was the officer's apprehension, not appellant's passenger's, that is relevant. Therefore, we reverse and dismiss.

Reversed and dismissed.

JENNINGS, ROBBINS, GRIFFEN, and BAKER, JJ., agree.

PITTMAN, J., concurs.