Cite as 2020 Ark. App. 131

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR–19–744

|  |  |  |
|---|---|---|
| MARVIN STUART | APPELLANT | **Opinion Delivered:** February 19, 2020 |
|  |  | APPEAL FROM THE BOONE COUNTY CIRCUIT COURT [NO. 05CR-18-318] |
| V. |  |  |
| STATE OF ARKANSAS | APPELLEE | HONORABLE GORDON WEBB, JUDGE |
|  |  | AFFIRMED |

**MIKE MURPHY, Judge**

Marvin Stuart was convicted by a Boone County Circuit Court jury for aggravated assault, resisting arrest, fleeing, and public intoxication. He was sentenced to three years' imprisonment in the Arkansas Department of Correction. Stuart appeals his aggravated-assault conviction, arguing that the evidence was insufficient to support the jury's finding that his conduct rose to the level of creating a substantial danger of death or serious physical injury. We affirm.

On the evening of March 15, 2018, Officer Joshua Applegate, a patrol officer with the Harrison Police Department, responded to a 911 hang-up call that originated from an apartment complex. Upon arriving at the complex, Officer Applegate observed a male and female lying on their backs in the grass outside. As Officer Applegate approached, the male, later identified as Stuart, stood up and started running. Officer Applegate asked him to stop,

but Stuart turned around, yelled a profanity, and continued to run. Officer Applegate notified dispatch for backup and a foot chase ensued.

At trial, Officer Applegate's testimony established the following. Once Officer Applegate caught up with Stuart, he took him to the ground and attempted to arrest him for fleeing. As soon as they contacted the ground, Stuart immediately started fighting. Officer Applegate managed to get on top of Stuart and pin down one arm while Stuart continued to punch and "knee" Officer Applegate. During the struggle, in addition to ripping Officer Applegate's shirt, Stuart grabbed at Officer Applegate's duty belt, and Officer Applegate recalled his holster "getting shook real hard." Officer Applegate immediately dropped his hand down to hold his gun in place. He testified, "If he was able to get my weapon from me, he would kill me." Eventually, Officer Applegate was able to get control of Stuart, who continued to struggle, until backup arrived.

Sergeant Rodney Smith testified that he responded to Officer Applegate's page to dispatch that he was on a foot pursuit. Sergeant Smith arrived during the altercation and assisted Officer Applegate with the arrest. He described Officer Applegate as "out of breath," "sweating," and "disheveled."

After the State rested, Stuart moved for directed verdict, arguing that his conduct did not constitute aggravated assault because the State failed to show that Stuart created a substantial danger of death or serious physical injury. The circuit court denied the motion. The defense then rested without calling any witnesses. Stuart renewed his motion for directed verdict, which the circuit court again denied. After deliberations, the jury returned a guilty verdict on the charges of aggravated assault, resisting arrest, fleeing, and public

intoxication. The jury sentenced Stuart to serve three years' incarceration. Stuart timely appeals the aggravated-assault conviction, arguing that the circuit court erred by denying his directed-verdict motions.

Motions for directed verdict are treated as challenges to the sufficiency of the evidence. *Swaim v. State*, 78 Ark. App. 176, 79 S.W.3d 853 (2002). When reviewing the denial of a directed verdict, the appellate court will look at the evidence in the light most favorable to the State, considering only the evidence that supports the judgment or verdict and will affirm if there is substantial evidence to support a verdict. *Id.* Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion without resorting to speculation or conjecture. *Jenkins v. State*, 2020 Ark. App. 45, 593 S.W.3d 51. Evidence is sufficient to support a verdict if it is forceful enough to compel a conclusion one way or the other. *Swaim*, 78 Ark. App. 176, 79 S.W.3d 853.

On appeal, Stuart argues the jury had to speculate to reach the conclusion that his conduct rose to the level of creating a substantial danger of death or serious physical injury to Officer Applegate. Stuart notes that Officer Applegate reported no injuries or marks and that Stuart never wielded any form of a weapon against him and never verbally threatened him.

A person commits aggravated assault if, under circumstances manifesting extreme indifference to the value of human life, he or she purposely engages in conduct that creates a substantial danger of death or serious physical injury to another person. Ark. Code Ann. § 5-13-204(a)(1) (Supp. 2019). A person acts purposely when it is his conscious object to

3

engage in conduct of that nature or to cause such a result. Ark. Code Ann. § 5-2-202(1) (Repl. 2013). Intent "may be inferred from the facts and circumstances shown in evidence." *Anderson v. State*, 62 Ark. App. 1, 967 S.W.2d 569 (1998). The aggravated-assault statute does not require that a weapon actually be used or that he victim actually fear for his safety but requires a "substantial danger of death or injury to another person." *Schwede v. State*, 49 Ark. App. 87, 89, 896 S.W.2d 454, 455 (1995) (citing *Wooten v. State*, 32 Ark. App. 198, 201, 799 S.W.2d 560, 562 (1990)).

Here, the evidence established that Stuart was physically fighting and resisting an armed police officer, and during the altercation, he forcefully grabbed at the officer's holster. Officer Applegate did not have a drawn weapon and was not prepared to defend himself. Officer Applegate's testimony described the level of fight in Stuart as intense, and Officer Applegate testified he was fully exerted. Further, Officer Applegate was unable to complete Stuart's arrest until another officer arrived to assist him, evidencing that Officer Applegate was in a vulnerable position. The jury could reasonably infer from the evidence that Stuart's fighting with an armed police officer in an altercation at such close range that his gun could easily discharge created a substantial danger of death or serious physical injury to Officer Applegate.

Stuart likens his case to *Wooten*, 32 Ark. App. 198, 799 S.W.2d 560, and *Swaim*, 78 Ark. App. 176, 79 S.W.3d 853. In *Wooten*, we held that because the appellant did not point the gun at the officer or expressly threaten the officer, the appellant was not guilty of aggravated assault. In *Swaim*, we held that where the appellant displayed a firearm but did

not point it at the officer or expressly make a threat and then dropped the weapon demonstrated that the appellant was not guilty of aggravated assault.

Stuart's case is more akin to *J.N.A. v. State*, 2017 Ark. App. 502, at 9, 532 S.W.3d 582, 589, which analyzed both *Wooten* and *Swaim*. We explained,

> In [*Wooten* and *Swaim*], the officers were already armed and prepared to defend themselves, and there was physical distance between Wooten and Swaim and the officers. [In this case] however, appellant's flight led them to a wet, slippery concrete drainage canal that was poorly lit. Appellant had his hand on a gun in his pocket as he was continuing to resist arrest and physically tussling with the officer trying to subdue him.

We affirmed the aggravated-assault conviction, stating that the statute does not require that a verbal threat be used; instead, it is the appellant's overall conduct that must be examined. *Id.*

As explained above, Stuart's conduct of engaging in a physical fight with an armed officer unprepared to defend himself created an increased level of danger reaching the threshold of aggravated assault.

Stuart directs us to Officer Applegate's testimony that he could not say with 100 percent certainty that Stuart was trying to grab his gun. However, Officer Applegate also testified that he believed Stuart was doing everything in his power to hurt him. The jury is responsible for weighing the evidence and assessing the credibility of witnesses. *Jenkins*, 2020 Ark. App. 45, 593 S.W.3d 51. The jury may believe all or part of any witness's testimony and is responsible for resolving questions of conflicting testimony and inconsistent evidence. *Id.* The jury was entitled to believe the portion of Officer Applegate's testimony that supported the conclusion that Stuart's resistance and physical assault on armed Officer

Applegate constituted a substantial danger of death or serious physical injury to Officer Applegate.

Viewing the evidence in the light most favorable to the State, we hold that there was sufficient evidence from which the jury could find that Stuart's conduct created a substantial danger of death or serious physical injury to Officer Applegate.

Affirmed.

WHITEAKER and HIXSON, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.