Cite as 2020 Ark. App. 263

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-19-794

| | |
|---|---|
| ANTHONY DARNELL WARREN<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** April 22, 2020<br><br>APPEAL FROM THE NEVADA COUNTY CIRCUIT COURT<br>[NO. 50CR-18-159]<br><br>HONORABLE RANDY WRIGHT, JUDGE<br><br>AFFIRMED |

**MIKE MURPHY, Judge**

Anthony Darnell Warren was convicted by a jury in the Nevada County Circuit Court of three counts of rape and three counts of sexual assault in the second degree. Warren was sentenced to an aggregate term of sixty years' imprisonment in the Arkansas Department of Correction. Warren appeals, arguing that the evidence was insufficient to support his convictions. We affirm.

In a felony information filed May 16, 2019, Warren was charged with three counts of the rape of a minor child under the age of fourteen and three counts of sexual assault of a minor child while in a position of trust or authority over the minor. According to the information, the crimes took place on or about December 31, 2012, through February 15, 2015, and were committed against the same minor victim.

The evidence at trial established that Warren lived with the now fourteen-year-old victim and the victim's mother, Brittney Gulley, until the victim and her mother moved out in 2015. Gulley and Warren also have a son who is now ten years old. Dana Tuggle, the victim's school counselor, testified that she reached out to the victim when the victim's teacher notified her that the victim seemed sad. She testified that the victim opened up about being sexually abused and that she then reported the victim's abuse to Chris Collins an investigator with the Arkansas State Police Crimes Against Children Division. Collins testified that he conducted an initial interview and when he verified the allegations in Tuggle's report he scheduled a forensic interview at the child advocacy center. Based on the forensic interview, Warren was arrested.

At trial, the victim identified Warren as her abuser and testified in detail about multiple sexual encounters with him. She testified that the abuse occurred while she was living with Warren in Prescott, and she was eight or nine years old. She said the abuse would happen when her mother and brother were not around. The victim testified that Warren would coach her on what to say if someone ever asked her about the inappropriate behavior. She said she considered Warren to be like a father. The victim testified she did not confide in someone sooner because she was concerned about how her brother would react when confronted with his father's behavior.

Following the victim's testimony, the State rested, and Warren moved for a directed verdict, which the circuit court denied. The defense then presented its case.

Recordo Walker, Warren's friend and neighbor, testified that he would typically be at Warren's house while Gulley was at work. He said that Warren never showed any interest

in young girls, and he never saw Warren make any advances toward the victim. Warren testified in his defense discounting the allegations.

At the conclusion of Warren's testimony, he renewed his motion for directed verdict, which the circuit court again denied. After the jury deliberated, they returned with a guilty verdict on all six counts and sentenced him to an aggregate term of sixty years' imprisonment in the Arkansas Department of Correction. This appeal followed.

Motions for directed verdict are treated as challenges to the sufficiency of the evidence. *Swaim v. State*, 78 Ark. App. 176, 79 S.W.3d 853 (2002). When reviewing the denial of a directed-verdict motion, the appellate court will look at the evidence in the light most favorable to the State, considering only the evidence that supports the judgment or verdict and will affirm if there is substantial evidence to support the verdict. *Id*. Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion without resorting to speculation or conjecture. *Jenkins v. State*, 2020 Ark. App. 45, 593 S.W.3d 51. Evidence is sufficient to support a verdict if it is forceful enough to compel a conclusion one way or the other. *Swaim*, 78 Ark. App. 176, 79 S.W.3d 853.

On appeal, Warren argues that the State failed to produce sufficient proof to sustain the rape and sexual assault convictions because the victim was the only witness who testified with actual knowledge of the sexual contact and her testimony was so contradictory and inconsistent that a reasonable factfinder could not have credited it.

A person commits rape if he or she engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen years of age. Ark. Code Ann. § 5-14-

103(a)(3)(A) (Supp. 2019). "Deviate sexual activity" means any act of sexual gratification involving the penetration, however slight, of the anus or mouth of a person by the penis of another person, or the penetration, however slight, of the labia majora or anus of a person by any body member or foreign instrument manipulated by another person. Ark. Code Ann. § 5-14-101(1)(A)(B) (Supp. 2019). A person commits sexual assault in the second degree if the person engages in sexual contact with a minor and the actor is a temporary caretaker, or a person in a position of trust or authority over the minor. Ark. Code Ann. § 5-14-125(a)(4)(A)(iv) (Supp. 2019). "Sexual contact" means any act of sexual gratification involving the touching, directly or through clothing, of the sex organs, buttocks, or anus of a person or the breast of a female. Ark. Code Ann. § 5-14-101(11).

Based on these statutes, and when viewing the light most favorable to the verdict, substantial evidence supports Warren's convictions. The victim testified that she viewed Warren like a father and that he would take care of her while her mother was at work. She also testified in detail about numerous sexual encounters with Warren that involved descriptions of both deviate sexual activity and sexual contact. While there are no independent eyewitnesses and no physical evidence, the uncorroborated testimony of a rape victim is sufficient to support a conviction of rape. *Brown v. State*, 374 Ark. 341, 343, 288 S.W.3d 226, 228–29 (2008). Additionally, the victim's testimony alone, describing the sexual contact, is enough for a sexual-assault conviction. *Worrall v. State*, 2020 Ark. App. 1, at 5–6, 593 S.W.3d 491, 494–95. Thus, here, the victim's testimony alone was substantial evidence supporting Warren's convictions.

Warren essentially asks us to reweigh the evidence by directing us to inconsistencies in the victim's testimony. It is well established that we will not reweigh the evidence on appeal. *Hamrick v. State*, 2019 Ark. App. 298, at 4, 577 S.W.3d 734, 737. The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id*. We will disregard testimony that the fact-finder has found credible only if it is so inherently improbable, physically impossible, or so clearly unbelievable that reasonable minds could not differ about it. *Hillman v. State*, 2019 Ark. App. 89, at 5–6, 569 S.W.3d 372, 375–76. Such is not the case here. For this reason, we affirm.

Affirmed.

ABRAMSON and KLAPPENBACH, JJ., agree.

*Terrence Cain*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.