Cite as 2020 Ark. App. 486

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR–19–839

| | |
|---|---|
| LARRY BRITT<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** October 21, 2020<br><br>APPEAL FROM THE BOONE COUNTY CIRCUIT COURT [NO. 05CR-16-72]<br><br>HONORABLE GORDON WEBB, JUDGE<br><br>AFFIRMED |

## MIKE MURPHY, Judge

Appellant Larry Britt, Jr., appeals from an order of the Boone County Circuit Court denying his petition for postconviction relief filed pursuant to Arkansas Rule of Criminal Procedure 37.1. Britt raises eight points on appeal claiming ineffective assistance by his trial counsel. We affirm.

On January 28, 2016, Arkansas State Police trooper William Clements initiated a traffic stop with Britt for speeding. After initiating the stop, Clements determined that Britt had a warrant for his arrest for failure to appear. Britt informed Clements that the vehicle was rented and that he had been the only person to drive it, but he could not produce a valid rental contract. Britt originally told Clements that he did not have any weapons on him and there was nothing in the car that could get him in trouble. Britt then consented to a search of the vehicle and told Clements that he had a gun under the front passenger seat

and that he is a felon. Clements placed Britt under arrest. As a result of the search, a handgun, a plastic bag with sixteen pills that were identified and later tested positive by the Arkansas State Crime Laboratory as hydrocodone, and a backpack containing both a substance that tested positive for marijuana and drug paraphernalia were all found in the vehicle. Britt admitted to Clements that the backpack was his. At the jury trial, Clements testified how polite and cooperative Britt was even after being placed under arrest. The jury had the benefit of an audio/video recording of the traffic stop, which contained Britt's admission that he had a gun, that he is a felon, and that the backpack was his.

On February 15, 2017, the jury convicted Britt of simultaneous possession of drugs and a firearm, possession of hydrocodone, felon in possession of a firearm, possession of marijuana, possession of drug paraphernalia, and a speeding violation. He was sentenced to fifty-six years in the Arkansas Department of Correction on the three felony convictions, concurrent sentences of six months on the misdemeanors, and a total fine of $10,050. Britt timely filed a notice of appeal and retained appellate counsel, but he voluntarily dismissed his direct appeal on January 25, 2018. On February 8, 2018, he filed a petition for postconviction relief under Rule 37, claiming ineffective assistance of trial counsel and asking for a new trial. After a hearing, the trial court entered an order denying Rule 37 relief on May 3, 2019. Britt now timely appeals from that order.

When reviewing a trial court's ruling on a Rule 37.1 petition, we will not reverse the trial court's decision granting or denying postconviction relief unless it is clearly erroneous. *Sorum v. State*, 2019 Ark. App. 354, at 3–4, 582 S.W.3d 18, 22. A finding is clearly erroneous when, although there is evidence to support it, the appellate court after

reviewing the entire evidence is left with the definite and firm conviction that mistake has been committed. *Id.*

Our standard of review also requires that we assess the effectiveness of counsel under the two-prong standard set forth by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984). In asserting ineffective assistance of counsel under *Strickland* the petitioner must first demonstrate that counsel's performance was deficient. *Gould v. State*, 2019 Ark. App. 418, 585 S.W.3d 182. This requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment. *Id.* The defendant claiming ineffective assistance of counsel has the burden of overcoming that presumption by identifying the acts and omissions of counsel which, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Id.*

Second, the petitioner must show that the deficient performance prejudiced the defense, which requires a demonstration that counsel's errors were so serious as to deprive the petitioner of a fair trial. *Vaughn v. State*, 2017 Ark. App. 241, 519 S.W.3d 717. This requires the petitioner to show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* Unless a petitioner makes both *Strickland* showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.*

At the evidentiary hearing on Britt's petition, Clements and Phillip Moon, Britt's trial counsel, testified. Clements testified to the events of the traffic stop and stated that he

would have arrested Britt regardless of his admissions because Britt had an outstanding warrant. Moon testified concerning his representation of Britt below and stated that he was hired specifically to take the case to trial. Moon testified that he discussed with Britt from the beginning that he would need to testify if he wanted to go to trial. Moon testified that during his representation, he communicated with Britt about twenty-five times. In order to get Britt the lightest sentence possible, his strategy was to have Britt admit being a felon in possession of a firearm and possession of marijuana and drug paraphernalia but not admit possession of the hydrocodone pills. Moon elaborated that his strategy was for the jury to find that Britt was a credible witness and that while he was guilty of the other offenses, he was telling the truth that the hydrocodone pills were not his. The gist of the defense was that since the car was rented, Britt did not know that the hydrocodone pills were in the vehicle because the pills were found on the floor between the driver's seat and console, separate from the backpack. If the jury believed him and found him not guilty on that charge, he would have been found not guilty on the simultaneous-possession charge and the possession-of-hydrocodone charge—the two crimes most likely to draw the heaviest penalties. Moon testified that his strategy fell apart when Britt decided midtrial that he no longer wanted to testify.

When asked why he did not file a motion to sever the possession-of-a-firearm-by-certain-person charge, Moon testified he did it as a strategy decision because he believed Britt would testify in his defense. He stated that he explained to Britt that he would have to admit certain things regarding his prior record to lend himself credibility. Moon testified that he chose not to stipulate to the previous convictions because there was always the

4

possibility the State could have messed up in attempting to get the conviction introduced. Moon testified that he did not move to suppress or file a motion in limine to exclude any admissions or prejudicial statements made by Britt because in his experience, it would not have been successful.

Britt's postconviction counsel also asked Moon why he did not move for a directed verdict on the simultaneous-possession charge because counsel claimed the State failed to meet the elements of the crime, specifically, that Britt was in possession of a firearm. Moon explained that he believed the State had met its burden because he relied on the jury instruction and that the situation met the definition of a firearm as contained in the jury instruction. Additionally, Britt's postconviction counsel asserted that Moon should have attacked the State's case because it failed to prove "the nexus" between the drugs and the firearm. Moon explained that "the nexus" is not an element of the crime, and regardless, the gun and the drugs were found within a foot or two of each other thus establishing a sufficient connection. Accordingly, Moon believed the State had proved its prima facie case. Moon also referred to his defense strategy that Britt was not in simultaneous possession because the hydrocodone pills were not his.

Concerning Britt's habitual-offender status, Moon testified that he argued prior to trial that because Britt had previously been sentenced under Act 346, he was not, in fact, a convicted felon.[1] He explained that the trial court overruled his argument but that he

---

[1]Act 346 of 1975 is codified at Ark. Code Ann. §§ 16-93-301 to -303 (Repl. 2016 & Supp. 2019). Section 16-93-303 provides in pertinent part:

>     (a)(1)(A)(i) When an accused enters a plea of guilty or nolo contendere prior to an adjudication of guilt, the circuit court or district court, in the case of a defendant

5

preserved it. Moon testified that if he had been successful in convincing the jury that Britt was not in possession of the hydrocodone pills, he would not have been convicted of the simultaneous-possession-of-drugs-and-firearm and possession-of-hydrocodone charges; further, if his Act 346 argument was appealed and found to be correct that potentially Britt would be exonerated of everything except the misdemeanors.

In a thirteen-page order, the trial court denied Britt's Rule 37 petition. The trial court found that Moon is an experienced criminal trial lawyer with thirty-four years of practice, has rapport with Boone County juries, and that he had given "very credible" testimony concerning his trial strategy.

On appeal, Britt first argues that his trial counsel was ineffective for not severing the possession-of-a-firearm-by-certain-person offense from the other charges in the case. He contends that a presumed prejudice resulted.

Matters of trial strategy and tactics, even if arguably improvident, fall within the realm of counsel's professional judgment and are not grounds for finding ineffective assistance of counsel. *Hartman v. State*, 2017 Ark. 7, at 4, 508 S.W.3d 28, 32. The reviewing court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

---

who previously has not been convicted of a felony, without making a finding of guilt or entering a judgment of guilt and with the consent of the defendant, may defer further proceedings and place the defendant on probation for a period of not less than one (1) year, under such terms and conditions as may be set by the circuit court or district court.

The statute further provides for the expungement of the defendant's record upon fulfillment of the terms and conditions of the probation. *Id.*

6

Here, Britt admitted to police that he was a felon in possession of a firearm and that the backpack containing marijuana and paraphernalia was his. Faced with Britt's admissions, counsel concluded that Britt needed to gain a measure of credibility with the jury. Moon, through strategic concessions, would have drawn the sting out of Britt's incriminating statements; and when Britt testified, Moon intended to lend credibility to Britt's denial of the hydrocodone pills that formed a necessary element of the most serious charge. In order for such a strategy to be successful, Britt needed to testify.

Britt claims on appeal that Moon failed to communicate the possibility of severance. Notably, Britt failed to testify at his Rule 37 hearing, leaving us with the unrefuted testimony of Moon that he met with Britt about twenty-five times to discuss the trial strategy and important aspects of the case. Moon credibly testified that he was hired to take the case to trial. He further testified that he discussed with Britt how important his testimony would be and that Britt assured him he would testify. Britt even testified at the outset of the trial and outside the hearing of the jury of his intention to take the stand. The trial court found it was part of Moon's strategy not to sever the charges. We hold that this finding by the trial court was not clearly erroneous.

Britt also argues that Moon was ineffective for not stipulating to the prior felony convictions and instead allowing them to be admitted in the State's case-in-chief. The State introduced the sentencing order of Britt's prior convictions for two counts of possession of a controlled substance and driving while intoxicated (drugs). Britt asserts that not only was he prejudiced because the jury was informed that he is a convicted felon, but the prior convictions were similar in nature to the ones at hand. However, as the trial court explained,

7

the decision not to stipulate to the prior convictions was consistent with Moon's strategy so that Britt's record would be introduced to verify that Britt had nothing to hide when he admitted he was a convicted felon. Britt's credibility was an essential part of the defense strategy and by not stipulating to the prior felony convictions, the jury did not have to speculate as to what the prior convictions were. Again, the trial court found it was part of Moon's strategy not to stipulate to the prior convictions and we hold this finding was not clearly erroneous. *See Hartman*, 2017 Ark. 7, at 5, 508 S.W.3d at 32 (a trial strategy may be reasonable even though counsel's tactical choices might have been different with the benefit of hindsight).

Britt's third point that his trial counsel was ineffective is that Moon should have filed a motion to suppress Britt's statements admitting he is a felon and had a firearm because the statements were not knowingly, intelligently, and voluntarily given. A petitioner does not demonstrate the requisite prejudice for a claim of ineffective assistance of counsel based on the failure to make a motion or objection if the petition does not establish that the motion or objection would have been successful. *Gould*, 2019 Ark. App. 418, at 9, 585 S.W.3d at 189. At the Rule 37 hearing, Moon testified that in his experience and specifically his experience in Boone County, he did not feel a motion to suppress would have been successful. The trial court failed to make a finding as to whether the motion could have been successful. Instead, it found that it was a reasonable strategic decision for Britt to acknowledge his admission and to show that he had been honest with police from the beginning.

8

Britt failed to establish whether the motion would have been successful because he failed to get a ruling from the trial court. This failure precludes us from reviewing it on appeal. *See Nutt v. State*, 2020 Ark. App. 137, at 8, 594 S.W.3d 907, 912. Accordingly, Britt cannot demonstrate the necessary prejudice under *Strickland*.

Next, Britt argues that Moon was ineffective for not filing a motion in limine concerning the statements Britt made on the audio/video recording of the traffic stop. Britt asserts that under the balancing test pursuant to Ark. R. Evid. 401 and Ark. R. Evid. 403, the testimony about the warrants, Britt's being a felon, and prior drug use were more prejudicial than probative in this case. At the hearing, Moon testified that he did not file the motion because he intended for Britt to testify and because he did not believe it would be granted. Again, the trial court found that the failure to file the motion was justified based on Moon's trial strategy because the statements show that Britt was honest with the police from the beginning. As with the previous point, the trial court failed to address the potential success of the motion, and Britt failed to get a ruling. This failure again precludes us from reviewing it on appeal, and we affirm this point.

Britt's fifth point is that Moon was ineffective for not making a directed-verdict motion to challenge the sufficiency of the evidence on the simultaneous-possession-of-drugs-and-firearm charge. Again, when it is asserted that counsel was ineffective for the failure to make a motion or an argument, the petitioner must show that the motion or argument would have been meritorious because the failure to make an argument that is meritless is not ineffective assistance of counsel. *Gould*, 2019 Ark. App. 418, at 9, 585 S.W.3d at 189. Therefore, Britt must demonstrate that the appellate court would have found

9

that the evidence adduced at trial was insufficient to support a conviction and would have overturned his convictions for that reason. *Conley v. State*, 2014 Ark. 172, at 10, 433 S.W.3d 234, 241–42. Because the trial court determined that no prejudice resulted from the failure to make the directed-verdict motions, the appeal of that decision requires us to review whether there was sufficient evidence to support the verdicts.

Motions for directed verdict are treated as challenges to the sufficiency of the evidence. *Swaim v. State*, 78 Ark. App. 176, 79 S.W.3d 853 (2002). When reviewing the denial of a directed-verdict motion, the appellate court will look at the evidence in the light most favorable to the State, considering only the evidence that supports the judgment or verdict and will affirm if there is substantial evidence to support the verdict. *Id.* Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion without resorting to speculation or conjecture. *Jenkins v. State*, 2020 Ark. App. 45, 593 S.W.3d 51. Evidence is sufficient to support a verdict if it is forceful enough to compel a conclusion one way or the other. *Swaim*, 78 Ark. App. 176, 79 S.W.3d 853.

Britt suggests three arguments that Moon should have used to support a directed-verdict motion below. He contends that the record is void of any testimony that the firearm found in his vehicle was a firearm as defined under the Code. He argues that the firearm was not readily accessible because there was no testimony that bullets or projectiles were found. And he argues that there was no testimony to establish a nexus between the drugs and the firearm.

Arkansas Code Annotated section 5-74-106 (Repl. 2016) provides that no person shall unlawfully commit a felony violation of Arkansas Code Annotated section 5-64-419 (manufacturing, delivering, or possessing with intent to manufacture or deliver a controlled substance) while in possession of a firearm. In order to sustain a simultaneous–possession conviction, the proof must show that appellant possessed a firearm and that a connection existed between the firearm and the controlled substance. *Rabb v. State*, 72 Ark. App. 396, 403, 39 S.W.3d 11, 16 (2001). Arkansas Code Annotated section 5-1-102 (Repl. 2013) defines "firearm" as follows:

> (6)(A) "Firearm" means any device designed, made, or adapted to expel a projectile by the action of an explosive or any device readily convertible to that use.
>
> (B) "Firearm" includes:
>
> (i) A device described in subdivision (6)(A) of this section that is not loaded or lacks a clip or another component to render it immediately operable; and
>
> (ii) Components that can readily be assembled into a device described in subdivision (6)(A) of this section.

In *Johnson v. State*, 333 Ark. 673, 972 S.W.2d 935 (1998), officers found a small amount of methamphetamine in a vehicle's front passenger seat in close proximity to a pistol located on the floorboard behind the driver's seat; Johnson was the sole occupant of the car. *Id.* at 678, 972 S.W.2d at 938. Johnson argued that there was no evidence showing any connection between the pistol and the drugs hidden in the car, but the supreme court disagreed. The supreme court found that "[t]his evidence alone [was] sufficient to support the conviction for simultaneous possession under § 5-74-106." *Id.* at 678, 972 S.W.2d 938.

Here, Clements testified that the firearm he recovered was a Rossi .38 Special revolver. Similar to *Johnson*, Britt was the sole occupant of the vehicle, and both the drugs

11

and the firearm were found in the front-seat area of the vehicle within a foot or two of each other. Given the close proximity, the State established a sufficient connection, or nexus, between the drugs and firearm thus meeting its burden of substantial evidence.

Britt's argument that the State failed to prove the firearm element because it was not readily accessible in the sense that there was no testimony that bullets or projectiles were found is of no merit because the statutory definition does not require this or even that the gun be loaded. Britt cites only *Rabb v. State*, 72 Ark. App. 396, 403, 39 S.W.3d 11, 16 (2001), in this argument section of his brief. There, we reversed and dismissed a simultaneous-possession conviction by holding that an unloaded weapon with no ammunition available is not considered usable as a firearm. However, the case is distinguishable because there, appellant relied on the statutory defense found in Ark. Code Ann. § 5-74-106(d): "It is a defense to this section that the defendant was in his or her home and the firearm or other implement or weapon was not readily accessible for use." In the instant case, this specific defense does not apply because the firearm was located in a vehicle—not a home. Britt does not provide us any convincing caselaw that we should adopt this definition or read it into Arkansas Code Annotated section 5-1-102. Consequently, we conclude that the evidence is sufficient to support Britt's conviction. In turn, we hold that Moon's performance was not deficient and prejudicial because even had he moved for a directed verdict, the sufficiency-of-the-evidence argument raised on appeal would not have been successful.

Next, Britt argues Moon was constitutionally ineffective for not objecting to the jury instructions on Britt's prior convictions and his habitual-offender status. Britt also takes issue

12

with the fact that the trial court did not formally announce, during the sentencing phase, that Britt had previously been convicted of two felonies. This argument, too, lacks merit.

As the court explained below, evidence had been introduced during the guilt phase that Britt had two or more felony convictions. Moon knew this and fought the issue from the beginning with his argument that Britt was sentenced under Act 346. In light of the course of the proceedings and the understanding of the parties, the trial court proceeded to instruct the jury prior to its deliberating Britt's sentence that he had two felony convictions. The trial court found that it was a procedural oversight by the court that it did not make the habitual-offender finding during the sentencing phase and that Moon's failure to object did not amount to constitutional ineffectiveness because the jury was already made aware of Britt's habitual-offender status. We are not left with a definite and firm conviction that a mistake has been committed and affirm.

Britt next argues that counsel was ineffective for not objecting to the jury instruction concerning the simultaneous-possession-of-drugs-and-firearm charge. The trial court instructed the jury pursuant to AMI Crim. 2d 6420. The supreme court has held that "a trial court should not give a nonmodel instruction unless the court concludes that the model instruction does not accurately state the law." *Harmon v. State*, 2020 Ark. 217, at 13, 600 S.W.3d 586, 594; *Fincham v. State*, 2013 Ark. 204, at 5, 427 S.W.3d 643, 647. Here, the trial court found that the model instruction accurately stated the law. We conclude this finding is not clearly erroneous.

Finally, Britt asserts that Moon was constitutionally ineffective by impermissibly conceding Britt's guilt in his closing argument. Britt also claims that he asserted he was not

guilty throughout the trial. It was Britt's burden to prove cause and prejudice to support his claims of ineffective assistance below, but he did not testify nor did he present any other witnesses in support of his allegations. *See Nutt*, 2020 Ark. App. 137, at 6, 594 S.W.3d at 911. The trial court found the concession consistent with Moon's credible testimony concerning his trial strategy. Given the circumstances, it was not clearly erroneous for the court to make this finding.

Overall, Britt's contentions fail to overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance.

Affirmed.

GRUBER, C.J., and VAUGHT, J., agree.

*Hancock Law Firm*, by: *Charles D. Hancock*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.