Cite as 2025 Ark. App. 202

# ARKANSAS COURT OF APPEALS
## DIVISION III
No. CR-24-220

| | | |
|---|---|---|
| CHARLES WILLIAMS | | Opinion Delivered April 9, 2025 |
| | APPELLANT | |
| | | APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT [NO. 43CR-22-643] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE BARBARA ELMORE, JUDGE |
| | | AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

The Lonoke County Circuit Court convicted appellant Charles Williams of aggravated assault and sentenced him to three years' probation. On appeal, Williams argues the circuit court erred in denying his motion to dismiss. Because sufficient evidence supports Williams's conviction for aggravated assault, we affirm.

At the December 12, 2023 bench trial, the following evidence was adduced. On October 14, 2022, Williams pointed a gun at his neighbors, Lauren Williams and her five-year-old son.[1] Lauren lived with her children in a home on one side of Williams, while Lauren's mother, Kimberly McBee, lived on the other side of Williams. When Lauren was returning home from work on October 14, Williams started cursing at her as she drove by,

---

[1]Lauren Williams and Charles Williams are not related.

which included calling Lauren and her son "MFers." Lauren turned up the car radio so her son would not hear the obscenities.

Williams threw a rock and struck Lauren's car. Lauren then saw Williams go into his house. After pulling into her driveway, Lauren's son alerted her to Williams's return. Lauren saw Williams point a gun at her and her son from approximately two hundred yards away; she started video recording Williams with her phone.

Deputy Jessica Ramm of the Lonoke County Sheriff's Office responded that night and recalled Williams's telling her he had been pointing a broomstick rather than a gun. She watched the video footage Lauren had taken on her cell phone, and Deputy Ramm determined that Williams had a gun because the object had a metallic glare. The video footage was saved and entered into evidence as State's exhibit 1.

This was not the first time Lauren or her family had been subjected to Williams's harassment—it had been going on for several years. Lauren would not allow her children to walk in the direction of his house because they were "getting flipped off and harassed" by Williams. He also screamed obscenities at McBee, which included calling her "a whore."

Lauren, on a later occasion, had to call the police because Williams was shooting a gun in his backyard. She recognized the gun he was using as the one he had previously pointed at her and her son. Another time, when McBee's dogs had gotten loose in her front yard, Williams fired a gun at them even while Lauren and her children were also in the yard.

At the close of the State's case, Williams moved to dismiss the count of aggravated assault, claiming there was not sufficient evidence that he pointed a gun at Lauren and her

2

son. The court denied the motion. After the defense rested, Williams renewed his motion, which the court again denied.

Williams now argues the circuit court erred in denying his motion to dismiss because the circuit court had to resort to speculation and conjecture to find that Williams pointed a firearm at Lauren and her son, creating a substantial danger of death or serious bodily injury. Specifically, he maintains that he could have been holding a broomstick rather than a gun. We do not find merit in his argument.

A motion to dismiss at a bench trial is identical to a motion for a directed verdict at a jury trial in that it is a challenge to the sufficiency of the evidence. Ark. R. Crim. P. 33.1. In reviewing a challenge to the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, direct or circumstantial. *Foster v. State*, 2015 Ark. App. 412, at 4, 467 S.W.3d 176, 179. Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.*, 467 S.W.3d at 179.

Such a determination is a question of fact for the trier of fact. *Rogers v. State*, 2024 Ark. App. 340, at 7, 690 S.W.3d 465, 471. The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id.* at 7–8, 690 S.W.3d at 471. On appeal, this court views the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *Id.* at 8, 690 S.W.3d at 471. We will not reweigh evidence on appeal. *E.g., Warren v. State*, 2020 Ark. App. 263, at 5, 600 S.W.3d 123, 126.

3

"A person commits aggravated assault if, under circumstances manifesting extreme indifference to the value of human life, he or she purposely . . . [e]ngages in conduct that creates a substantial danger of death or serious physical injury to another person[.]" Ark. Code Ann. § 5-13-204(a)(1) (Supp. 2021). Williams's argument on appeal rests on the faulty premise that we can reweigh the evidence to make his preferred factual finding. He is essentially asking this court to find that he was pointing a broomstick, rather than a gun, at Lauren and her five-year-old son. However, the credibility of witnesses and the weight of the evidence are matters for the finder of fact to decide, and this court may not reweigh the evidence or substitute its own credibility determinations for those of the finder of fact. *Cuevas-Flores v. State*, 2024 Ark. App. 451, 699 S.W.3d 156.

Further, Lauren testified that Williams pointed a gun at her and her son. Deputy Ramm viewed the video footage Lauren recorded and believed Williams was armed with a gun and not a broomstick. The video was also entered into evidence, so the circuit court had the opportunity to draw its own conclusions about what was depicted in the video. We defer to the circuit court's superior position in determining the credibility of witnesses and the weight to be given their testimony. *Baker v. State*, 2016 Ark. App. 468. The circuit court was responsible for resolving any inconsistencies in the evidence and, in doing so, made the factual determination that Williams was pointing a gun at Lauren and her son.

Viewing the evidence in the light most favorable to the State, we hold there is sufficient evidence to support Williams's conviction of aggravated assault. Accordingly, we affirm.

4

Affirmed.

VIRDEN and BARRETT, JJ., agree.

*Robert M. "Robby" Golden*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.