Edwin B. PATE, Jr., Appellant,

v.

**TELLEPSEN CONSTRUCTION COMPANY et al., Appellees.**

No. 17486.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Jan. 17, 1980.

Rehearing Denied March 6, 1980.

Fulbright & Jaworski, William W. Vernon and Daniel K. Hedges, Houston, for Tellepsen Construction Company and Warrior Constructors.

W. Jiles Roberts, Houston, for Edwin B. Pate, Jr.

Wohlt & Williams, E. J. Wohlt, Jr., Houston, for General Supply Co.

Ross, Griggs & Harrison, H. Lee Lewis, Jr., Bryan A. Domning, Houston, for Pierce, Goodwin, Alexander.

Clawson & Jennings, Max H. Jennings, Houston, for Ideal Engineering, Inc.

Mills, Shirley, McMicken & Eckel, Russell B. Serafin, Galveston, for Bernard Johnson Engineers, Inc.

Hicks, Hirsch, Glover & Robinson, Iris H. Robinson, Houston, for Jacobe-Underwood, Inc.

Wyckoff, Russell, Dunn & Frazier, Clare Steadham Hirling, Houston, for The Trane Co.

Law Offices of C. Ed Carrithers, C. Ed Carrithers, Houston, for Continental Casualty Co.

Before PEDEN, EVANS and WARREN, JJ.

EVANS, Justice.

The plaintiff, Edwin B. Pate, Jr., brought this personal injury action, alleging that he had been injured by a fluorescent light fixture and supporting framework which fell from the ceiling while he was working at his desk in a downtown office building. In response to a jury's verdict, the trial court entered a judgment awarding damages to Pate, individually and in trust for the intervenor, Continental Casualty Company, in the amount of $10,000, against defendants, Bernard Johnson Engineering, Inc.; George F. Pierce; Able B. Pierce; Pierce, Goodwin and Flanagan; Ideal Engineering, Inc.; and Tellepsen Construction Company and Warrior Constructors, Inc., a joint venture. The trial court denied a crossclaim for indemnity and contribution brought by Tellepsen-Warrior against a third party defendant, General Supply Company, Inc.

Both Pate and Tellepsen-Warrior appeal from the trial court's judgment.

Pate was injured on November 5, 1970, and was immediately taken to see Dr. Keith Chunn, who examined him and placed him in the hospital for traction therapy in January of 1971. Pate continued to see Dr. Chunn until he was referred, in April of 1972, to Dr. Richard Hirshberg, a neurosurgeon. Dr. Hirshberg, called as a witness for Pate, testified that he had found no objective evidence of spinal cord injury or nerve root depression, but that Pate had complained of severe pain with different positioning of his head and neck. Dr. Hirshberg next saw Pate in May 1972, and at that time he prescribed two weeks rest, finding Pate to be extremely anxious, working excessive hours and under great strain. In August 1973, approximately three years after the accident, Dr. Hirshberg performed a laminectomy on Pate's neck and found evidence, at many levels, of a severe preexisting arthritic condition. Dr. Hirshberg testified that this operation was successful and that when he subsequently saw Pate in September 1973, he was doing extremely well and was without symptoms. Dr. Hirshberg later saw Pate in April 1974, and at that time Pate complained of his previous symptoms with respect to his neck, shoulder and upper extremity. However, on a subsequent visit in January 1977, Pate told Dr. Hirshberg that he was in no pain and complained only of a stiffness in his neck.

The special issues submitted to the jury and the jury's response thereto are as follows:

#### SPECIAL ISSUE NO. 1

Find from the preponderance of the evidence whose negligence, if any, caused the accident in question on November 5, 1970.

If you find some negligence to any party, then find if such negligence, if any, was a proximate cause of the accident in question. Questions should be answered "Yes" or "No" in the appropriate blanks.

**550**

| | Negligence | Proximate Cause |
|---|---|---|
| Tellepsen-Warrior | Yes | Yes |
| Pierce, Goodwin & Alexander | Yes | Yes |
| Bernard-Johnson, Inc. | Yes | Yes |
| Ideal Engineering, Inc. | Yes | Yes |
| Jacobe-Underwood | No | No |
| General Supply | Yes | Yes |
| None of the above | -- | -- |

### SPECIAL ISSUE NO. 2

Find from a preponderance of the evidence the date of substantial completion of the construction of the Houston Bank & Trust Building.

Answer by stating the date:

Answer:   25 January 1967

### SPECIAL ISSUE NO. 3

What sum of money, if any, if now paid in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate Edwin Pate for his injuries, if any, which you find from the preponderance of the evidence resulted from the occurrence in question? You may consider the following elements of damage, if any, and none other.

Answer in dollars and cents, if any.      ANSWER:

A. Physical pain and mental anguish in the past $10,000

B. Physical pain and mental anguish which, in reasonable probability, he will suffer in the future    -0-

C. Loss of earnings in the past    -0-

D. Loss of earning capacity which, in reasonable probability, he will sustain in the future    -0-

### INSTRUCTION

Do not include any amount for any condition existing before the occurrence in question, except to the extent, if any, that you find from a preponderance of the evidence that such other condition, if any, was aggravated by the injuries, if any, which resulted from the occurrence in question.

### SPECIAL ISSUE NO. 4

Find from the preponderance of the evidence the reasonable expenses, if any, for necessary medical care received by Edwin Pate in the past for treatment of his injuries resulting from the occurrence in question.

Answer in dollars and cents, if any.

Answer:   -0-

### SPECIAL ISSUE NO. 5

What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence would be compensation for the reasonable expenses, if any, necessary psychiatric and/or psychological care which Edwin Page will, in reasonable probability, require in the future for treatment of his injuries resulting from the occurrence in question?

Answer in dollars and cents, if any.

Answer:   -0-

In his amended brief Pate challenges only the legal and factual sufficiency of the evidence to support the jury's findings of zero damages with respect to his claim of loss of past earnings, loss of future earning capacity, and for his claimed past and future medical expenses. He does not challenge the jury's findings with respect to past and future physical pain and mental anguish, nor does he make any specific argument concerning the jury's failure to find future medical expenses.

■ Pate argues that the undisputed evidence shows that he was required to be away from work because of his injury, at least during the period of time he was hospitalized, and that prior to the accident, he had a good work attendance record with appropriate raises in pay and none afterward. He also contends that the uncontroverted testimony of his economist witness established that he had a loss of income from the time of injury until the date of trial in at least the amount of $18,807.91.

Pate did not offer evidence which did more than raise a fact issue for the jury as to whether he had lost wages for time missed from work as a result of the accident and whether he would incur expenses for medical treatment in the future. By Pate's own admission, he continued to work for his employer for a period of two years after the accident and until he was fired in April 1973, for a cause unrelated to the accident. There was also evidence indicat-

ing that Pate's earnings had increased from $925 per month in April 1973, when the accident occurred, to $1225 per month in 1976. Thus, the jury was at liberty to conclude that there was not a preponderance of the evidence in favor of Pate's claim for past loss of earnings and for loss of future earning capacity. There was no evidence of the amount of medical expenses, if any, which Pate would have to incur in the future.

█ There was, however, evidence of past medical expenses attributable to the accident which the jury was not at liberty to ignore. Dr. Hirshberg testified that his total charge for treating Pate, including his charges for surgery and postoperative care, came to approximately $1239.00. He also testified that his charges were within the usual, reasonable and customary amounts charged for similar services in Harris County at that time and that such charges were necessary as a result of the accident. Although Dr. Hirshberg testified that he could find no objective evidence indicating that the progression of Pate's arthritic condition had been enhanced by the accident, he also gave his expert opinion that the injury had aggravated the preexisting arthritic condition. His testimony in this respect was corroborated by the only other medical witness, Dr. Chunn. The jury's failure to find any damages for past medical expenses is against the great weight and preponderance of the evidence, and the trial court's judgment must, therefore, be reversed and the cause remanded for a new trial. Rule 434 Texas Rules of Civil Procedure. In view of this disposition of Pate's initial complaint, it is unnecessary to consider his second point of error in which he contends that the trial court erred in awarding the full amount of his recovery to the intervenor.

In its cross appeal, Tellepsen-Warrior contends, in three points of error, that the trial court erred in rendering a take nothing judgment on its cross action against the third party defendant, General Supply Company, Inc., arguing that under the terms of its sub-contract with General Supply Company, it is entitled to indemnification as a matter of law.

An unsigned copy of a sub-contract between Tellepsen-Warrior and General Supply, admitted into evidence over the "best evidence" objection of General Supply, contains the following provision:

ARTICLE XIV. SUBCONTRACTOR agrees to assume the entire responsibility and liability and shall indemnify, save and hold harmless CONTRACTOR and/or OWNER, it agents, servants and employees from and against any and all losses, claims, demands, and to defend any suit or action for damage of every kind and character made against the CONTRACTOR and/or OWNER based on personal injury of any person, including death and for loss of or damage to property of any person, whether caused by CONTRACTOR's sole negligence, or joint negligence of CONTRACTOR and/or OWNER and SUBCONTRACTOR, or however same may be caused, growing out of any act or occurrence, or incident to or resulting from the performance, or failure to perform the work or the provisions of this Subcontract.

█ Tellepsen-Warrior contends that the unsigned copy of the sub-contract was properly admitted as secondary evidence of the original agreement upon a showing that the original executed document had been lost or destroyed and that the proffered document was a true and correct copy of the original. Since the unsigned copy was admitted into evidence without qualification and never withdrawn, the document must be considered for purposes of this court's review as having been received in evidence as an authenticated copy of the parties' original agreement. Since the terms of the document support Tellepsen-Warrior's claim of indemnification, the trial court's take nothing judgment in favor of General Supply must be reversed unless it may be upheld upon some other ground.

General Supply contends that the take nothing judgment was proper because Tellepsen-Warrior breached the terms of the sub-contract by failing to require other sub-

contractors to secure the framework to the ceiling grid, arguing that this failure was the real cause of the accident.

The indemnification agreement provides that Tellepsen-Warrior is indemnified against all losses, claims and demands for personal injuries caused by the sole negligence of General Supply or by the joint negligence of both General Supply and Tellepsen-Warrior or "however same may be caused" and which grows out of any act or occurrence or is incident to or results from the performance of or failure to perform the work.

■■■■ The indemnification provision is sufficiently clear and certain to be enforceable. *Spence & Howe Construction Company v. Gulf Oil Corp.*, 365 S.W.2d 631 (Tex. 1963). The agreement to hold Tellepsen-Warrior harmless from its own negligence is not against public policy. *James Stewart & Company v. Mobley*, 282 S.W.2d 290, 293 (Tex.Civ.App.-Dallas 1955, writ ref'd). In response to these points of error General Supply has not challenged the jury's finding that the accident was proximately caused by the parties' combined negligence, and under such circumstance, the terms of the agreement establish Tellepsen-Warrior's entitlement to indemnification.

■■■■ General Supply also contends that the trial court's take nothing judgment is correct because Tellepsen-Warrior's cross-action is barred by the statutes of limitation. However, contrary to General Supply's contention, the four year statute of limitation is inapplicable because the cross action was filed prior to the entry of judgment in the main case, and a cause of action for indemnity does not accrue until the judgment is either rendered or paid. *Russell v. Lemons*, 205 S.W.2d 629, 631 (Tex. Civ.App.-Amarillo 1947, writ ref'd n.r.e.); *Latimer v. Texas and New Orleans Railroad Company*, 56 S.W.2d 933, 935 (Tex.Civ. App.-Beaumont 1933, writ ref'd). Neither is the cross action barred by the ten year statute of limitation relating to injuries resulting from defective construction or repair of improvements on real estate. Article 5536a § 2 Tex.Rev.Civ.Stat.Ann. (Supp.

1978). The jury found that the date of "substantial completion" of the building was January 25, 1967, a date less than ten years prior to the date of the filing of the third party action. Although Tellepsen-Warrior subsequently amended its cross action, adding a prayer for attorneys' fees, the amended petition did not create a new cause of action, and the limitation period was tolled by the filing of Tellepsen-Warrior's original petition.

Under the record before this court, there is no legal basis to support the trial court's take nothing judgment against Tellepsen-Warrior, and the judgment must, therefore, be reversed. Since there are material facts to be ascertained in the main cause with respect to the issues of liability and damage, and which are necessary to support any recovery on the cross-claim for indemnification, the cross-action of Tellepsen-Warrior against General Supply is remanded for further proceedings.

The judgment of the trial court that the plaintiff Edwin B. Pate, Jr., take nothing of the defendants Jacobe-Underwood, Inc. and the Trane Company is affirmed; that portion of the trial court's judgment which awards damages to the plaintiff Edwin B. Pate, Jr., against the defendants, Bernard Johnson Engineers, Inc.; George F. Pierce, Jr.; Able B. Pierce; Pierce, Goodwin and Flanagan; Ideal Engineering, Inc.; and Tellepsen Construction Company and Warrior Constructors, Inc., a joint venture; and which decrees that Tellepsen Construction Company and Warrior, Inc., a joint venture, take nothing on its cross-action against General Supply Company, is severed and as severed is reversed and remanded for a new trial.