Cite as 2022 Ark. App. 196

# ARKANSAS COURT OF APPEALS
DIVISION II
No. CR-21-559

| | | |
|---|---|---|
| COREY STEWARD | | Opinion Delivered May 4, 2022 |
| | APPELLANT | |
| | | APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT |
| V. | | [NO. 40CR-20-27] |
| STATE OF ARKANSAS | | HONORABLE JODI RAINES DENNIS, |
| | APPELLEE | JUDGE |
| | | AFFIRMED |

## STEPHANIE POTTER BARRETT, Judge

Corey Steward appeals his conviction in the Lincoln County Circuit Court for aggravated assault upon an employee of a correctional facility for which he was sentenced to fifteen years' imprisonment in the Arkansas Department of Correction (ADC). He argues that the State failed to prove that the liquid thrown on the officer was urine and that the circuit court erred by denying his motion to dismiss. We disagree and affirm his conviction.

Steward was charged by information on February 12, 2020, with aggravated assault on an employee of a correctional facility in violation of Arkansas Code Annotated section 5-13-211 (Supp. 2021). It was alleged that Steward threw a cup of urine on Correctional Captain Joseph Mahoney during his incarceration. A jury trial was held on June 22, 2021.

Mahoney testified that on November 8, 2019, he was working in the Varner Unit of the ADC and received a call from two corporals who needed assistance securing a trap door[1] in Steward's cell. Steward had stuck his arm through the trap door and refused to allow the officers to close it because he wanted to speak to an officer. Mahoney approached the cell, and Steward threw a cup of liquid at him, hitting his face and the upper part of his shirt. He said the liquid thrown at him was urine. He said it had a strong smell and was warm. On cross-examination, Mahoney admitted that his original report about the incident stated he was hit with an "unknown liquid substance." He explained that he amended his report to state that the liquid thrown was urine because he did not realize what the liquid was until he removed himself from the area.

Steward moved for dismissal of the charge following the State's case-in-chief, arguing that there was insufficient evidence to prove that the substance thrown on Mahoney was urine. The circuit court denied Steward's motion for a directed verdict finding that it was a question of fact for the jury to decide.

Steward testified in his own defense. He explained that he wanted to speak to an officer that day to ask if he could be moved away from the inmate in the next cell. Steward said he threw water that he obtained from his sink on Mahoney and "was kind of coerced to do it." Steward admitted during cross-examination that he had received four prior disciplinaries while in the ADC for throwing bodily fluids. The defense rested and renewed

---

[1]A trap door is a small rectangular box that opens forward where food trays can be placed.

the motion for directed verdict on the same grounds. This motion was also denied. After deliberations, the jury returned a guilty verdict and sentenced Steward to fifteen years' imprisonment.

Motions for directed verdict are treated as challenges to the sufficiency of the evidence. *Stuart v. State*, 2020 Ark. App. 131, 596 S.W.2d 552. When reviewing the denial of a directed verdict, the appellate court will look at the evidence in the light most favorable to the State, considering only the evidence that supports the judgment or verdict and will affirm if there is substantial evidence to support a verdict. *Id.* Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion without resorting to speculation or conjecture. *Id.* Evidence is sufficient to support a verdict if it is forceful enough to compel a conclusion one way or another. *Id.* The credibility assessment of witnesses is the responsibility of the finder of fact. *Dobbins v. State*, 2013 Ark. App. 269.

Steward's sole point on appeal is that the circuit court erred by denying his directed-verdict motions. He argues that his conviction was not supported by substantial evidence because the State did not present sufficient evidence to prove beyond a reasonable doubt that Steward threw urine onto Mahoney.

Arkansas Code Annotated section 5-13-211(a)(1) provides:

A person commits aggravated assault upon an employee of a correctional facility if, under circumstances manifesting extreme indifference to the personal hygiene of the employee of the correctional facility, the person purposely engages in conduct that creates a potential danger of infection to an employee of any state or local correctional facility while the employee of the

3

state or local correctional facility is engaged in the course of his or her employment by causing the employee of the state or local correctional facility to come into contact with saliva, blood, urine, feces, seminal fluid, or other bodily fluids by throwing, tossing, or expelling the fluid or material.

Steward contends that Mahoney's original report only stated "unknown liquid substance" and that he later amended the report to reflect that the substance was urine and that no clothing was taken into evidence to be analyzed. The State responds that this court addressed this exact issue in *Russell v. State*, 2011 Ark. 698, and held that testimony of two correctional officers that a cup of liquid thrown on them was warm and smelled like urine was sufficient evidence to support a conviction of aggravated assault on an employee of a correctional facility. We agree with the State's position on this issue. Mahoney testified that the liquid thrown on him by Steward was warm and had a strong urine smell. Weighing the evidence and assessing the credibility of witnesses are matters for the fact-finder. *Stuart*, 2020 Ark. App. 131, 596 S.W.3d 552. Moreover, the fact-finder is entitled to draw upon common sense and experience in reaching its verdict. *Russell*, 2011 Ark. App. 698. The jury may believe all or part of any witness's testimony and is responsible for resolving questions of conflicting testimony and inconsistent evidence. *Id.* Here, the jury was entitled to believe Mahoney's testimony that the liquid thrown on him by Steward was urine. The jury obviously did not find Steward's self-serving version of events to be credible. Viewing the evidence in the light most favorable to the State, we find that there was sufficient evidence from which the jury could find that the liquid thrown on Mahoney was urine and affirm appellant's conviction.

Affirmed.

VAUGHT and BROWN, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.