Cite as 2024 Ark. App. 48

# ARKANSAS COURT OF APPEALS
## DIVISION I
### No. CR-23-361

| | | |
|---|---|---|
| CURTIS PITTMAN | | Opinion Delivered  January 24, 2024 |
| | APPELLANT | APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT [NO. 40CR-22-74] |
| V. | | |
| | | HONORABLE JODI RAINES DENNIS, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

**WENDY SCHOLTENS WOOD, Judge**

Curtis Pittman appeals the sentencing order of the Lincoln County Circuit Court convicting him of aggravated assault upon an employee of a correctional facility and sentencing him to fifteen years' imprisonment. Pittman's sole point on appeal is that the evidence was not sufficient to prove he committed the offense. We affirm.

The case arises from an event at the Varner Maximum Security Unit of the Arkansas Department of Correction, where Pittman was imprisoned in a one-cell isolation unit. On December 6, 2021, Captain Cantrell Bass went to Pittman's cell to return his personal property. Sergeant Latasha Williams accompanied him. The cell had a solid outer door and a barred inner door, and standard procedure for returning personal property to an inmate included having the inmate submit to handcuffs before opening the solid door. Then the officer would enter the cell, inventory the property, and lay it across the bed. According to

Captain Bass, Pittman submitted to the handcuffs, but he was angry and advised Captain Bass to get away from his cell or he would spit on him, which Pittman did. The spit landed on the upper-right sleeve of Captain Bass's uniform. Captain Bass testified that inmates will threaten officers, spit on them, and claim that they have a disease, and he said that some do have contagious diseases. He said that he did not know at the time of the incident whether Pittman had a contagious disease. Captain Bass said he immediately sprayed Pittman with pepper spray and called his supervisor. Pittman was taken to the shower for decontamination. Captain Bass said he then took a photo of his sleeve and went back to work.

Sergeant Williams's testimony confirmed Captain Bass's description of the incident. She said that Pittman was "talking crazy to Bass" and that Captain Bass told Pittman to be quiet or he would call a supervisor. She testified that Captain Bass was looking down at the property bag when Pittman spat on him.

Pittman testified that he and Captain Bass had "got into it" in the past and that Captain Bass said he was "going to get [Pittman] back." Pittman claimed that on the day of the incident, Captain Bass entered his cell with an empty property bag acting like he was returning property, but instead, he pulled out his can of pepper spray and sprayed him "for no reason." He said he did not spit on Captain Bass that day and that he and Sergeant Williams "lied about the whole thing."

2

The jury found Pittman guilty and recommended a sentence of fifteen years' imprisonment. The circuit court accepted the jury's recommendation and entered a sentencing order on February 9, 2023. This appeal followed.

When reviewing a challenge to the sufficiency of the evidence, we must assess the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Collins v. State*, 2021 Ark. 35, at 4, 617 S.W.3d 701, 704. We affirm a conviction if substantial evidence exists to support it. *Price v. State*, 2019 Ark. 323, at 4, 588 S.W.3d 1, 4. Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion without resorting to speculation or conjecture. *Id.*, 588 S.W.3d at 4. Witness credibility is an issue for the fact-finder, which may believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *McKisick v. State*, 2022 Ark. App. 426, at 4, 653 S.W.3d 839, 843.

Pittman argues that the evidence in this case was insufficient to convict him of the offense of aggravated assault upon an employee of a correctional facility, which requires the following elements to be proved:

(a) A person commits aggravated assault upon a law enforcement officer or an employee of a correctional facility if:

(1) Under circumstances manifesting extreme indifference to the personal hygiene of the law enforcement officer or employee of the correctional facility, the person purposely engages in conduct that creates a potential danger of infection to the law enforcement officer or an employee of any state or local correctional facility while the law enforcement officer or employee of the state or local correctional facility is engaged in the course of his or her employment by causing a person whom the actor knows to be a law enforcement officer or employee of the state or local correctional facility to come into contact with saliva, blood, urine, feces, seminal fluid, or other

3

bodily fluid by purposely throwing, tossing, expelling, or otherwise transferring the fluid or material;

. . . .

(c) As used in this section, "contact with" includes without limitation contact with the skin, a face covering, a glove, or the uniform of a law enforcement officer or employee of a correctional facility.

Ark. Code Ann. § 5-13-211 (Supp. 2023). Specifically, Pittman contends the evidence was not sufficient to prove that the incident occurred because the only evidence presented was the testimony of Captain Bass and Sergeant Williams. He argues that he testified that he did not spit on Captain Bass and that there was no video, photo, or other physical evidence introduced to prove the event. He also argues that no evidence was admitted to prove that the conduct created "a potential danger of infection" since there was no evidence regarding Pittman's health history and no evidence of "skin contact with the spit."

Before we address Pittman's argument, we turn to Arkansas Rule of Criminal Procedure 33.1, which requires a motion for directed verdict to specify how the evidence is deficient. Ark. R. Crim. P. 33.1(c) (2023). The motion must be specific enough to apprise the circuit court of the particular basis on which the motion is made. *Scott v. State*, 2015 Ark. App. 504, at 4, 471 S.W.3d 236, 239. The reason underlying this rule is that, when specific grounds are stated and the proof is pinpointed, the circuit court can either grant the motion or allow the State to reopen its case and supply the missing proof. *Id.* at 4, 471 S.W.3d at 239. Our law is clear that a party is bound by the scope and nature of his directed-verdict motion and cannot change the grounds on appeal. *Plessy v. State*, 2012 Ark. App. 74, at 3–

4

4, 388 S.W.3d 509, 513. Here, Pittman moved for a directed verdict, arguing that the State had failed to meet its burden because there were no photos, no video, and thus "no real proof of what occurred in the cell." Although we hold that this is sufficient to preserve for appellate review Pittman's challenge to the sufficiency regarding whether the incident occurred, it is not sufficient to preserve his argument regarding whether the conduct created a potential danger of infection.

Pittman argues that the testimony of Captain Bass and Sergeant Williams coupled with his own complete denial of the incident is not substantial evidence that he spat on Captain Bass. We disagree. On appeal, we consider only the evidence that supports the verdict, viewing the evidence in the light most favorable to the State. *LeFever v. State*, 91 Ark. App. 86, 89, 208 S.W.3d 812, 815 (2005). We do not weigh the evidence presented at trial nor do we assess the witnesses' credibility, both of which are issues for the fact-finder, who is free to believe all or a portion of any witness's testimony and whose duty it is to resolve questions of conflicting testimony and inconsistent evidence. *Scott*, 2015 Ark. App. 504, at 5, 471 S.W.3d at 239. Two witnesses testified that Pittman spat on Captain Bass and that the saliva landed on Bass's uniformed right arm. We hold that this constitutes substantial evidence to support his conviction.

Affirmed.

VIRDEN and GLADWIN, JJ., agree.

*Potts Law Office*, by: *Gar W. Potts*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.