Cite as 2025 Ark. App. 191

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CR-24-372

| | |
|---|---|
| RICHARD VARNELL | Opinion Delivered April 2, 2025 |
| APPELLANT | |
| | APPEAL FROM THE IZARD |
| | COUNTY CIRCUIT COURT |
| V. | [NO. 33CR-23-46] |
| | |
| STATE OF ARKANSAS | HONORABLE TIM WEAVER, JUDGE |
| APPELLEE | |
| | AFFIRMED |

## BART F. VIRDEN, Judge

An Izard County jury convicted appellant Richard Varnell of aggravated assault on a correctional-facility employee, for which he was sentenced as a habitual offender to ten years' imprisonment. He argues that the trial court erred in denying his directed-verdict motion because no testing was conducted to confirm the presence of urine. We affirm.

### I. *Background*

The testimony from the jury trial revealed the following sequence of events. On April 8, 2023, Corporal Joshua Horton was working in the restrictive-housing section of the north central unit of the Arkansas Division of Correction (ADC). Corporal Horton was at Varnell's cell about to pick up his breakfast tray. Restrictive-housing supervisor Sergeant Zachary Brandon was two or three cells down from Varnell's cell when he heard a loud noise and then heard Varnell scream, "Now you're covered in piss!" Sergeant Brandon turned

around and saw that Corporal Horton was wet. Corporal Horton testified that, as soon as he unlocked the outer door to Varnell's cell, Varnell threw a "cup full of urine" on him through the inner bars of his cell. Corporal Horton said that Varnell threw the urine in his face and that it got on the right side of his body. Corporal Horton further testified that he closed his eyes as soon as the liquid from Varnell's cup hit his skin but that he felt a burning sensation in his eyes and on his face. He said that the liquid was warm and smelled like urine. He testified that when he finally opened his eyes in the infirmary, he saw that the liquid had a "yellow hue." Corporal Horton was asked whether he was at all hesitant about saying whether the substance was urine, and he said, "Absolutely not."

Sergeant Brandon said that he believed the substance was urine because Varnell had said that it was urine but also because it was yellow like urine, and it smelled like urine. He further testified that he smelled urine on Horton's shirt and around the area of Varnell's cell when he returned to take photographs. Lieutenant Kenneth Moss, shift supervisor, was notified of the incident and took Horton to the infirmary. Lieutenant Moss said that he smelled urine when he was standing near Corporal Horton. He also said that, when he returned to Varnell's cell, there was yellow liquid on the floor and on the cell bars and that the area smelled like urine.

Sergeant Justin Nowlin with the Arkansas State Police testified that the ADC had completed its own investigation of the incident but that he also interviewed Corporal Horton. He said that he did not have Corporal Horton's shirt analyzed to determine whether the substance was urine because Corporal Horton had said that the substance thrown on

2

him was urine. Sergeant Nowlin conceded that he "took Corporal Horton's word for it" because "everybody basically is an expert. You know since the time you were born 'til now, you urinate multiple times a day."

Varnell testified that he had been transferred to the north central unit in Calico Rock from the Delta Regional Unit in Dermott after he had been in a fight. He agreed that, within twenty days of his transfer, he was placed in restrictive housing after being disciplined. Varnell said that on the morning of the incident at issue here, he was "racking his brain" trying to figure out how to do his time without stabbing somebody. Varnell said that after his meal that morning, he had clear tap water in his cup. According to Varnell, his cup was on a cell bar about head height and that "when [Horton] was reaching for the tray, [Varnell's] eye hit the cup and the cup tipped in [Horton's] direction."

## II. *Standard of Review*

When reviewing a challenge to the sufficiency of the evidence, we must assess the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Pittman v. State*, 2024 Ark. App. 48, 682 S.W.3d 754. We affirm a conviction if substantial evidence exists to support it. *Id.* Substantial evidence is evidence of sufficient force and character that it will, with reasonable certainty, compel a conclusion without resorting to speculation or conjecture. *Id.* Witness credibility is an issue for the fact-finder, which may believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id.*

## III. *Discussion*

A person commits aggravated assault on an employee of a correctional facility if, under circumstances manifesting extreme indifference to the personal hygiene of such employee, the person purposely engages in conduct that creates a potential danger of infection to the correctional-facility employee while that employee is engaged in the course of his employment by causing a person whom the actor knows to be an employee of a state or local correctional facility to come into contact with, among other things, urine by purposely throwing or tossing the bodily fluid. Ark. Code Ann. § 5-13-211(a)(1) (Supp. 2021).

Varnell argues that most of the witnesses had no firsthand knowledge regarding the circumstances of the incident and simply relied on Corporal Horton's statements that the substance was urine. As for Corporal Horton, Varnell claims that he testified that the substance was urine because he had been told that it was urine and because the substance was warm and burned when it got in his eyes. Varnell further argues that the video of the hallway outside his cell does not show what occurred and that the substance on Horton's shirt was not tested or analyzed to determine whether it was, in fact, urine.

In *Steward v. State*, 2022 Ark. App. 196, 644 S.W.3d 253, we affirmed the appellant's conviction after a jury found him guilty of aggravated assault on an employee of a correctional facility after he threw a cup of urine on an employee who was working on the trap door of the inmate's cell. In his directed-verdict motion, the appellant had argued that the State failed to prove the substance was urine by pointing out that it was initially described

as an "unknown liquid substance" in a report[1] and that no clothing was taken to be analyzed. The appellant testified in his own defense and claimed that the substance thrown on the employee was just water from his sink. In affirming the conviction, we cited the employee's testimony describing the liquid as warm with a strong odor of urine.

In *Russell v. State*, 2011 Ark. App. 698, a case cited in *Steward*, *supra*, we affirmed the appellant's conviction for aggravated assault on an employee of a correctional facility after he threw a cup of urine on two deputies. At his bench trial, the appellant argued in his motion to dismiss that the State failed to prove the substance was urine because the only evidence came from the lay-opinion testimony of the two deputies and that the substance was never tested to determine whether it was urine. In affirming the conviction, we noted that both deputies testified that the liquid was warm and smelled like urine, and one deputy testified that the substance dripping from his eyelash was yellow.

Considering only the evidence that supports the jury's verdict, Varnell taunted Corporal Horton by shouting that he was covered in "piss." Corporal Horton had "first-hand knowledge" that Varnell threw a cup of warm yellow liquid on him that smelled like urine and burned his eyes and face. Other witnesses saw yellow liquid that smelled like urine. A jury need not lay aside its common sense in evaluating the ordinary affairs of life. *Velasco v. State*, 2016 Ark. App. 454, 504 S.W.3d 650. Corporal Horton said that he had absolutely

---

[1]Varnell attempts to distinguish *Steward* by stating that Sergeant Brandon did not similarly amend his incident report as was done in *Steward* to reflect that the substance was urine. Such inconsistencies, however, were for the jury to resolve. *Pittman*, *supra*.

no doubt that the substance was urine. Moreover, as pointed out by Sergeant Nowlin, everyone urinates several times a day and should be familiar with, if nothing else, the smell of urine. The jury was not required to believe Varnell's self-serving testimony about an improbable accident involving a cup of tap water that simply "tipped in Horton's direction." We hold that substantial evidence supports Varnell's conviction for aggravated assault on a correctional-facility employee.

Affirmed.

ABRAMSON and BARRETT, JJ., agree.

*Trent D. Thomas*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.