Cite as 2025 Ark. App. 280

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-24-701

| | | |
|---|---|---|
| DANIEL THOMAS | | Opinion Delivered May 7, 2025 |
| | APPELLANT | |
| | | APPEAL FROM THE LINCOLN |
| V. | | COUNTY CIRCUIT COURT |
| | | [NO. 40CR-22-54] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE JODI RAINES DENNIS, |
| | | JUDGE |
| | | |
| | | AFFIRMED |

## RAYMOND ABRAMSON, Judge

Daniel Thomas appeals his conviction for aggravated assault on a correctional employee by a Lincoln County jury. Thomas argues only that there is insufficient evidence to support his conviction. We affirm.

On December 2, 2021, Sergeant Brandon Higgins approached Thomas's cell to provide him with his meal. Before Sergeant Higgins could fully enter the area in front of the cell, Thomas threw a substance at him, hitting his shoulder. Sergeant Higgins testified that the liquid smelled very strongly of urine, and the smell persisted even after the door to the cell was shut. Furthermore, Sergeant Higgins testified that Thomas was holding a cup at the time the substance hit him. On cross-examination, Sergeant Higgins conceded that his uniform was not sent for further testing. Captain Rodney Brown also testified that the liquid smelled very clearly like urine, the smell came directly from Sergeant Higgins, and he knew for a fact it was urine due to

the odor and the strength of the odor. The State submitted two photographs that showed Sergeant Higgins with the liquid on him.[1] Captain Brown conceded that in his initial report, he did not state that the substance smelled like urine.

Thomas testified and admitted throwing a liquid at Sergeant Higgins but claimed that the liquid was simply water. Thomas further testified that he does not "dash."[2] At the close of the evidence, the jury deliberated less than ten minutes before returning with a guilty verdict. During the sentencing phase, it took the jury a mere five minutes to fix his sentence at fifteen years, the statutory maximum for a habitual offender. *See* Ark. Code Ann. § 5-4-501(b) (Supp. 2021) (for a conviction of a Class D felony under this statute, the sentence may not exceed fifteen years).

When reviewing a challenge to the sufficiency of the evidence, we must assess the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Pittman v. State*, 2024 Ark. App. 48, 682 S.W.3d 754. We affirm a conviction if substantial evidence exists to support it. *Id.* Substantial evidence is evidence of sufficient force and character that it will, with reasonable certainty, compel a conclusion without resorting to speculation or conjecture. *Id.* Witness credibility is an issue for the fact-finder, which may believe

---

[1]Thomas appears to argue, in part, that the pictures were insufficient to prove that *any* substance was thrown on Sergeant Higgins. However, Thomas did not dispute that he threw a liquid at Sergeant Higgins; rather, he testified that it was just water.

[2]"Dash" commonly refers to an inmate's throwing urine, feces, or similar substances on a correctional officer. The court notes that Thomas's pen pack shows at least one other incident in which Thomas was alleged to have "dashed" an officer.

all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id.*

A person commits aggravated assault on an employee of a correctional facility if, "under circumstances manifesting extreme indifference to the personal hygiene" of the employee, the person purposely engages in conduct that creates a potential danger of infection to the correctional-facility employee while that employee is engaged in the course of his employment by causing a person whom the actor knows to be an employee of a state or local correctional facility to come into contact with, among other things, urine by purposely throwing or tossing the bodily fluid. Ark. Code Ann. § 5-13-211(a)(1) (Supp. 2021).

In *Steward v. State*, 2022 Ark. App. 196, 644 S.W.3d 253, we affirmed the appellant's conviction after a jury found him guilty of aggravated assault on an employee of a correctional facility after he threw a cup of urine on an employee who was working on the trap door of the inmate's cell. In his directed-verdict motion, the appellant argued that the State failed to prove the substance was urine by pointing out that it was initially described in a report as an "unknown liquid substance" and that no clothing was taken to be analyzed. The appellant testified in his own defense and claimed that the substance thrown on the employee was water from his sink. In affirming the conviction, we cited the employee's testimony describing the liquid as having a strong odor of urine.

Likewise, in *Russell v. State*, 2011 Ark. App. 698, we affirmed the appellant's conviction for aggravated assault on an employee of a correctional facility after he threw a cup of urine on two deputies. At his bench trial, the appellant argued in his motion to dismiss that the State failed to prove the substance was urine because the only evidence came from the lay-opinion

testimony of the two deputies and that the substance was never tested to determine whether it was urine. In affirming the conviction, we noted that both deputies testified that the liquid was warm and smelled like urine.

Considering only the evidence that supports the jury's verdict, both witnesses testified that they believed the substance thrown on Sergeant Higgins was urine. Both witnesses also testified that the smell of urine was very strong, and it came directly from Sergeant Higgins's clothing and not the environment around them. Captain Brown further testified that he knew beyond a doubt that the substance Thomas threw on Sergeant Higgins was urine. Further, Sergeant Higgins did not notice a smell of urine until after the liquid had been thrown on him.

A jury need not lay aside its common sense in evaluating the ordinary affairs of life. *Varnell v. State*, 2025 Ark. App. 191, at 6, ___ S.W.3d ___, ___. While Thomas argues that *Steward* and *Russell* stand for the notion that the odor of urine is insufficient to sustain a conviction under this charge, those decisions say nothing of the sort, and we do not so hold now. The jury was not required to believe Thomas's self-serving testimony that he merely threw water on Sergeant Higgins in protest of the living conditions in the prison. And there can be little doubt that the jury did not hesitate in its decision—it took less than ten minutes for the jury to come to a verdict, including the time to leave and return to the courtroom. Accordingly, we hold that substantial evidence supports Thomas's conviction for aggravated assault on a correctional-facility employee.

Affirmed.

KLAPPENBACH, C.J., and MURPHY, J., agree.

*Sharon Kiel*, for appellant.

4

*Tim Griffin*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.